The opinion of the court was delivered by
Nicholls, C. J.
On the 4th of June, 1894, on motion of C. H. Parker, tax collector of the First District, of the City of New Orleans, through Edwin Ii. McCaleb, Jr., attorney-at-law, appointed by the Governor of the State of Louisiana to. aid the tax collector of the Parish of Orleans in collecting the licenses for this parish, suggesting that 'the Citizens’ Bank of Louisiana was, and had been, conducting the business of banking, at 1,34 Gravier street, without any license from the State of Louisiana, and that its declared or nominal capital or surplus exceeds the sum of two millions of dollars, and further suggesting that all persons, who conduct business without obtaining a license from the State, before the first day of March, 1894, are declared delinquent, and suggesting to the court there was due by defendant to the State of Louisiana the sum of twenty-four hundred dollars, with two per cen,t. per month interest from March 1st, 1894, and as attorney’s fees, -five per cent, on said amount and interest and costs as a license for the year 1894; it was ordered by the Civil District Court for the Parish of Orleans, that the Citizens’ Bank show cause why it should, not pay twenty-four hundred dollars to the State of Louisiana for license for 'the privilege of conducting the above mentioned business during the year 1894, with two percent.. interest per month from March 1st, 1894, and as attorney’s fees, five per cent-:' on said amount, .and interest and costs, or be enjoined or restrained from the carrying on of said business until the said license, interest, five per cent, attorney’s fees thereon, and costs, be paid, and that the Citizens’ Bank be required to show, further, why *1088 this rule should not be made absolute, and judgment rendered in favor of the State of Louisiana for twenty-four hundred dollars, with interest, as set forth, five-per cent, thereon for attorney’s fees, and costs, and said injunction be perpetuated.
The Citizens’ Bank answered, pleading the general issue.
It then averred: That by virtue of the provisions of its charter, and especially by Section 4 of the Act of the Legislature of 1836, amending the said charter, the capital of the bank was exempted from any tax laid by the State, or by any parish under the authority of the State, during the continuance of said charter.
That the said exemption was granted by the State for á valuable consideration fully stated in the charter, which constituted a contract between the defendant and the State of Louisiana; that the license demanded was a tax upon the capital of defendant, intended to operate upon it in a different form of taxation, but with the same effect as an ordinary tax; that the imposition of the said tax was an impairment of the said contract between defendant and the State of Louisiana; that the law imposing the said license was, therefore, violative of Section 10 of Article 1 of the Constitution of the United States, and of the provisions of the Constitution of the State of Louisiana of 1812, under which the charter of defendant was passed, and of the provisions of the subsequent Constitutions of the State of Louisiana.
Defendant, therefore, pleaded the illegality and unconstitutionality of the said law imposing the license demanded. Defendant further averred that it had been decided and decreed by final judgments in five several cases between defendant and the State of Louisiana 'that the capital of defendant was exempted from all taxes of either the State or municipal authorities; that the said judgments were rendered by courts of competent jurisdiction in the following cases:
First. — By the Supreme Court of Louisiana in No. 7,368, Citizens’ Bank of Louisiana vs. L. Bouny, State Tax Collector (32nd Ann., 239).
Secondly. — By the Civil District Court for the Parish of Orleans, in No. 12,429, Citizens’ Bank of Louisiana vs. Board of Assessors et al.
Thirdly. — By the Civil District Court for the Parish of Orleans, in No. 19,144, Citizens’ Bank of Louisiana vs. Board of Assessors et al.
Fourthly. — By the Civil District Court for the Parish of Orleans, *1089 in No. 20,541, Citizens’ Bank of Louisiana vs. Board of Assessors et al.
Fifthly. — By the Supreme Court of the United States, in No. 108, October term, New Orleans et al. vs. Citizens’ Bank of Louisiana.
Defendant averred, that each and every one of the said judgments constituted res judicata of the question of exemption from all taxation of the capital of defendant.
Defendant, therefore, pleaded the exception of res judicata against the demand contained in the rule to show cause, as established, "and decreed in each one of the said causes.
It is therefore prayed that it be excused from answering certain interrogatories propounded to it; that there be judgment in its favor dismissing plaintiff’s demand . The interrogatories here referred to were subsequently answered, by consent, without prejudice to any of the defenses set up by the bank.
The questions and answers were as follows:
“Q. Have you not been conducting and carrying on business during the year 1894, as set forth in the rule taken on you in these proceedings and are you now carrying on said business?
A. Yes.
Q. ' Do not your declared or nominal capital or surplus from said' business exceed the sum stated in said rule?
A. No.
Q. Were not your declared or nominal capital or surplus from said business, during the year 1894, between two million dollars and three million dollars ?
A. No.
Q. Do you not owe your State license for 1894, for conducting or carrying on business, as set forth in said rule with interest bn said sum at the rate of two per cent, per month from March 1st, 1894, five per cent, thereon for attorney’s fees and all the costs of these proceedings ?
A. No.
Q Do you owe any State license for the year 1894? Then, if so, how much do you owe; and for carrying on or conducting that business?
A. No.
Q. Are not all the statements and allegations in the rule taken *1090 herein on you, true? If any allegation be untrue or incorrect, set forth the error and correct the same ?
A. During the year 1894, the capital of the bank was three hundred and eighty thousand, two hundred dollars, and the undivided profits were eighty-eight thousand, nine hundred and twenty-nine dollars and twenty-two cents, as per published statement of the 31st of October, 1894.”
On the trial, plaintiff offered in evidence the return made by the Citizens’ Bank to the State Treasurer for the year 1894, a statement showing the declared and nominal capital and surplus of the Citizens’ Bank for the year 1894; also Act No. 19 of 1880, and an extract from the minutes of the Citizens’ Bank of November 5th, 1880, showing an acceptance of the stockholders of that bank of the provisions of said act. The defendant offered in evidence the charter of the Citizens’ Bank and. the various acts of the Legislature amendatory thereof, also the pleadings and judgments in the cases referred to in its pleadings, and set up as res judicata.
The District Court rendered judgment in favor of the defendant, and the State appealed.
Opinion.
The District Court did not pass upon the exception of res judicata, urged by 'the defendant, assigning as its reason “that it did not appear that the issue of an exemption from a license had been presented in any of the cases and judgments relied on to support the plea.”
In State ex rel. Citizens’ Bank vs. Board of Assessors, 48th Ann., 35, this same exception was advanced, but overruled.
Referring to it, we very briefly said: “The cases to which the bank refers in support of the plea involved the furniture, the banking-house property and the shares of stock of the corporation. The property upon which it was attempted to assess taxes in those suits is different from that in the instant suit, and the issues are essentially different.
The property which it is attempting- to relieve from taxation is certain real estate specially mortgaged to the bank to secure the payment of eight hundred and fifty-four shares of the capital stock of the bank.
*1091 The bank foreclosed the mortgage and purchased the property “in order to make the debt.” There is much less ground, in this case, for the application of the doctrine of res judicata to the issues raised in it than there was in that just referred to; there the tax resisted, like those resisted in the cases relied on, was, at least, a tax of the same character; that is, a tax upon “property,” while the tax involved in this litigation is one esscntally different; it is a tax, it is true, but one upon callings or occupations, and it is controlled and goverened by rules and principles entirely different from those which bear upon property taraton. (City of New Orleans vs. Louisiana Savings Bank, 31st Ann., 638; Walters vs. Duke, 31st Ann., 671; Parish of Morehouse vs. Brigham, 41st Ann., 667). Articles 203, 206, 207 and 209, of the Constitution of 1879 also disclose this very fullly and clearly (see City vs. Ernst, 35th Ann., 746, and State ex rel. Ernst vs. Assessors, 36th Ann., 347).
The Supreme Court of the United States (in one of the very cases on which defendant relies to sustain its exemption), in emphasized language, recognizes that fact. (New Orleans vs. Citizens’ Bank, 167 U. S., 372).
We see no force in the plea, and it should not be, and it is not now, sustained, but rejected.
The defendant urges that the license tax is substantially one upon its capital. The views expressed by us above indicate our opinion upon this point. The mere reference in the license acts to the) declared or nominal capital or surplus from business or banking institutions is not a tax upon the capital or surplus itself of the different banks, but a mere method of classifying the banks and establishing a graduation of licenses as required by Article 206 of the Constitution. (State of Louisiana vs. Liverpool and London and Globe Insurance Co., 40th Ann., 463; Parish of Morehouse vs. Brigham, 41st Ann., 666).
This court, in City of New Orleans vs. State National Bank, 34th Ann., 892, said: “A provision in the charter of a corporation exempting its stock and real estate from taxation, does not cover an exemption from license taxation. The grant of a charter to a bank, authorizing it to carry on a certain business during the term of its charter, does not import permission to do so without contributing to the support of the government in like manner with natural persons pursuing the same business.”
*1092 Reference was made by the court to New Orleans vs. Canal Bank, 32nd Ann., 104; City of New Orleans vs. Peoples’ Bank, 27th Ann., 646, and 32nd Ann., 84, which bear upon the same subject.
Defendant contends that the imposition of a license is a violation of a “contract right” between itself and the State. It says “that by virtue of the provisions of its charter, and especially of Section 4 of the act of the Legislature of 1836, amending its said charter, the capital of defendant is exempted from any tax laid by the State or By any parish under the authority of the Sta.te during the continuance of said charter. That the said exemption was granted by the State for a valuable consideration fully stated in the said charter, which constituted a contract between the defendant and the State of Louisiana. That the license demanded herein is a tax upon the capital of defendant, intended to operate upon it in a different form of taxation, but with the same effect as an ordinary tax. That the imposition of the same is an impairment of the said contract between the defendant and the State of Louisiana. That the law imposing the said license is, therefore, violative of Section 10 of Article 1 of the Constitution of the United States, and of the provisions of the Constitution of the State of Louisiana under which the charter of defendant was passed, and of the provisions of the subsequent constitutions of the State of Louisiana. Defendant, therefore, avers and pleads the illegality and unconstitutionality of the said law -imposing the license herein demanded upon defendant.”
The extent of the exemption granted originally from taxation was from “taxation upon its capital.” It could never have claimed greater or other exemption than that. The law of 1890, the unconstitutionality of which is pleaded, does not pretend to impose, nor does it impose any tax upon the “bank’s capital’’ and, therefore, there could by no possibility be, nor is there, any violation of any contract obligation through that act even should there really be any existing obligation at all between the State and the defendant as to taxation.
We are not called on in this case to enter into any discussion or examination of the general relations between the State and the Bank. We confine ourselves to the subject matter of the license demanded of the bank.
Pretermitting any opinion as to the power of the General Assembly of 1874 by extending the charter of the bank to January, 1911, to extend the exemptions from taxation granted by the charter which *1093 expired in April, 1884, we think the acceptance by the bank of the provisions of Act No. 79 of 1880, would have extinguished any right to claim exemption from this license, even, if but for this, the right of such exemption would have existed. In order to enable the bank to make compromises with its mortgage stockholders, the General Assembly of 1880 enacted Act No. 79 of 1880. Section 4 of the act' provided “that this act shall not be binding, or confer any right upon the bank, unless accepted within twelve months from the date of this act, and under the conditions of Articles 234 and 237 of the Constitution, such acceptance to be manifested by the bank in writing, and filed in the office of the Secretary of State.” The defendant can claim no exemption from license taxation under the Constitution of 1890.
Referring, in State ex rel. Citizens’ Bank vs. Board of Assessors, 48th Ann., 39, to the acceptance by the bank of the Act No. 79 of 1880, this court said:
“A written acceptance of the act was filed by the bank with the Secretary of State. * * * That the act was for the benefit of the bank is made certain by the acceptance and the test of the same. Article 234 forbids the altering or 'amending of any charter of an existing corporation for the benefit of such corporation, except upon the condition that such corporation should thereafter hold its charter subject to the provisions of the Constitution of 1879. * * * The acceptance of the benefits, of that act brings the corporation under the provisions of Article 237 of the Constitution. * *
We think the Citizens’ Bank has heretofore obtained all that it is entitled to, the exemption from taxation of its capital proper, and the real estate necessary for the carrying on its legitimate business or purposes.”
The terms of Article 234 of the Constitution of 1879 are broader than they are stated to be in the decision quoted from. That article is as follows:
Article 234. The General Assembly shall not remit the forfeiture of any corporation now existing, nor renew, alter or amend the same, nor pass any renew'al or special law for the benefit of such corporation, except upon the condition that such corporation shall thereafter hold its charter subject to the provisions of this Constitution.
The defendant can claim no exemption from license taxation under the provisions of that Constitution, or of the laws of the State relative to such taxation.
*1094 But we do not find that defendant’s liability for a license tax, for the year 1894, comes within the fourth class of paragraph 2 of Section 3 of Act No. 150 of the acts of 1890. It does not, therefore, owe the sum of twenty-four hundred dollars as a license tax for that year.
Its liability comes under the ninth class of said paragraph 2, Section 3 of the Act of 1890, and the amount it owes as license for the year 1894 is four hundred and fifty dollars.
Eor the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be avoided and reversed, and it is now adjudged and decreed that the State of Louisiana do have and recover of the Citizens’ Bank of Louisiana, defendant herein, the sum of four hundred and fifty dollars as a license tax due by the said bank for the year 1894, with two per cent, per month interest thereon from March 1, 1894, until paid, together with costs of both courts.
It is further ordered, etc., that plaintiff do further recover from said bank five per cent upon the amount of this judgment as attorneys’ fees.
Monroe, J., takes no part, the case having been submitted prior to his appointment on this bench.