McBRIDE, Justice.
Plaintiff’s allegations show that he is engaged in the business of operating am automobile service station in New Orleans, and that in connection with said business he sells at retail certain commodities, including gasoline; that the gross receipts derived from his said business during the year 1956 aggregated $175,149.42, of which the sum of $125,446.01 resulted from the retail sales of gasoline.
The original and supplemental petitions, in substance, set forth that the City of New Orleans by virtue of Ordinance 843, M.C. S., adopted November 8, 1956, imposes and *509 levies a license tax against plaintiff for the operation of his service station business; and that under the terms of said ordinance, he was required to pay the sum of $180 for a license to do business for the current year; that Sec. 24.1 of Art. XIV of the Constitution of Louisiana of 1921, as amended, LSA, “provided that it was unconstitutional for any municipality to levy taxes of any nature upon gasoline or other motor fuels”; that plaintiff, therefore, can only be required to pay his license tax to the City of New Orleans on the basis of his gross retail sales, exclusive of the sales of gasoline; that earlier in the year plaintiff paid unto the City of New Orleans the sum of $50 to cover his license tax, but, notwithstanding this, he was subsequently and illegally required to pay, and has paid under protest, the additional sum of $130, such additional amount of tax being based on the gross amount of gasoline sold by him; that he is due a return of this latter sum. He prays that the Collector of Revenue for the City of New Orleans be duly cited and for a judgment in his favor against the City of New Orleans for the sum of $130, with legal interest thereon from judicial demand until paid and for all court costs.
The City of New Orleans interposed the exception of no cause of action which was maintained by the court below, and judgment was rendered dismissing the suit, and from this judgment plaintiff has taken the present appeal.
Ordinance No. 843, M.C.S., for the year 1957 and for each and every calendar year thereafter, levies an annual license tax upon every person, firm or corporation pursuing any trade, calling, or business that may be liable to taxes. Under Sec. 11 thereof, pertaining to “Retail Dealers: Restaurants: Operators of Coin Vending and Weighing Machines,” it is provided that for “every business of selling merchandise * * * the license shall be based on the gross sales.” Then set forth is a graduated scale for computing the annual tax. In the event the gross sales of a retail dealer are as much as $40,000 but less than $50,000, the license tax is $50; where the sales of the retail dealer are as much as $150,000 but less than $200,000, the license tax is fixed at $180. By Sec. 11 of the ordinance when calculating the gross sales at retail gasoline filling and service stations, the taxpayer is entitled to exclude therefrom that part of the purchase price paid by him for gasoline, motor fuels, or lubricating oils as shall equal the manufacturer’s or dealer’s license, privilege or excise tax levied by federal or state statutes on the manufacturing, handling, storing, selling or consuming of gasoline, motor fuels or lubricating oil. Section 63 of the said ordinance provides that where the license is measured by gross revenue, the gross receipts during the preceding calendar year for which the license is issued shall be the basis for determining the amount of the annual license.
Section 24.1 of Art. XIV of the Louisiana Constitution of 1921, as amended, provides :
“No parish, municipality or other political subdivision, shall levy an excise, license or privilege tax upon gasoline, kerosene or other combustibles used in the generation of motive power; provided that nothing in this Constitution shall be construed to limit the right of tlie Legislature to levy State taxes on gasoline, benzine, naphtha, and other motor fuels. * * * ”
The City of New Orleans, in support of its exception of no cause of action, argues that its license ordinance with reference to occupational taxes of retail dealers does not conflict with the quoted constitutional provision, as the import of the constitutional provision is that municipalities or other political subdivisions may not levy an excise, license or privilege tax directly upon the commodities mentioned, i. e., gasoline, benzine, naphtha and other motor fuels, and that the business or occupational license tax levied by the city against plaintiff is not such a tax and is not levied upon the gaso *510 line he sells as a retail dealer. On the other hand, the appellant contends that the annual license tax exacted from him by the City of New Orleans under Ordinance No. 843, M.C.S., is nothing less than a privilege or license tax on gasoline in that the gross amount of appellant’s retail sales of that product is included in the amount of the gross sales on which the license tax is computed, and, therefore, the ordinance is vio-lative of Sec. 24.1 of Art. XIV of the Constitution in that respect.
The section in question was added to the Constitution in 1924 (Act 180, adopted November 4, 1924), without official number designation, and created a special paving fund for the City of New Orleans with a motor fuel tax furnishing the source of revenue. In 1936 (Act No. 341, adopted November 3, 1936) a further amendment to the section was made, with reference being made to the unofficial number designation, which amendment revised the fuel tax provisions and authorized the funding of fuel tax proceeds into bonds by the City of New Orleans and set forth comprehensive provisions governing procedure, etc. The prevailing amendment (Act 395 of 1940, adopted November 5, 1940) struck from the section all of the provisions which had been added thereto in 1924 and 1936, and substituted an entirely new section (hereinabove quoted) which prohibits local taxation of motor fuels. The 1940 amendment designated the new section “Section 24.1.”
Section 24.1 of the Constitution in the plainest of language prohibits a municipality from levying an excise, license or privilege tax upon gasoline. It is true that Ordinance No. 843, M.C.S., of the City of New Orleans levies an occupational or license tax on the business of retail dealer, in which classification is embraced operators of automobile service stations. The tax imposed by the city ordinance, a form of excise tax, could also be designated as a privilege tax. There is no clear line of demarcation between so-called “occupational,” “license," and “privilege” taxes, and the terms are commonly and indiscriminately and interchangeably used, but, howsoever called, they are all excise taxes. Cooley on Taxation, Fourth Edition, Vol. 1, p. 130; Vol. 4, p. 3379; 53 C.J.S. Licenses § 3, pp. 451, 455, 456.
Our Supreme Court has said that a license tax has a well-defined legal meaning in the State of Louisiana, i. e., an occupational license tax. Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11.
But the tax the city ordinance purports to levy on those persons, firms, or corporations pursuing any trade, calling or business that may be liable to taxes within the municipal confines, while characterized a license tax, is not a tax on the gasoline that plaintiff deals in, nor is it a tax on his privilege of selling or handling gasoline. The levy is imposed on plaintiff’s right to carry on his business, trade, or calling of retail dealer, and merely because he sells gasoline and the amount of his annual sales thereof is included in the aggregate gross sales of the business for the purpose of computing the tax, does not make the tax “an excise, license or privilege tax upon gasoline.”
The 1924 amendment to what is now Sec. 24.1 of the Constitution, among other things, levied a tax of If! per gallon on gasoline when sold or purchased for consumption in the Parish of Orleans, and by the 1936 amendment to Sec. 24.1, the gal-lonage tax was increased to 2‡. We think that the intendment of Sec. 24.1 of the Constitution, as amended, was that the excise, license or privilege taxes which municipalities, parishes, and other state subdivisions are prohibited from levying are of the kinds mentioned in the 1924 and 1936 amendments to Sec. 24.1, or taxes similar thereto.
Restrictions imposed on property taxation by statutes and state constitutions ordinarily do not apply to occupation taxes. A tax on the gross amount of sales of merchandise is not a tax upon the goods *511 themselves but upon the business or act of selling. Cooley on Taxation, Fourth Edition, Vol. 4, pp. 3380, 3383.
We have searched in vain the jurisprudence of this state and also that of other jurisdictions for any authorities bearing on the precise question the instant case poses for our consideration. However, we did find the case of State v. Citizens’ Bank of Louisiana, 52 La.Ann. 1086, 27 So. 709, which is somewhat analogous to the case before us. There the State of Louisiana sought to collect from the defendant a license tax for the privilege of conducting the business of banking, the amount of the tax being based on the defendant’s capital and surplus. The defense tendered by the bank was that the act of the Legislature amending the bank’s charter exempted the capital of the bank from any tax laid by the State during the continuance of the bank’s charter. The Court held that the law of 1890 which imposed the license tax on the business of conducting a bank was not unconstitutional, as it did not pretend to impose any tax upon the bank’s capital. During the course of its opinion the Supreme Court cited City of New Orleans v. State National Bank, 34 La.Ann. 892, wherein it was said:
“A provision in the charter of a corporation exempting its ‘stock and real estate’ from taxation, does not cover an exemption from license taxation. [City of] New Orleans v. Canal & Banking Co., 32 Ann. 104.
“The grant of a charter to a corporation authorizing it to carry on a certain business during the term of its charter, does not import permission to do so, without contributing to the support of the government * *
We cannot comprehend how it can be successfully contended that the occupational license tax levied on plaintiff’s business by the City of New Orleans can be placed in the same category as the prohibited excise, license or privilege taxes. We do not find that the ordinance is unconstitutional or ultra vires insofar as it tends to affect plaintiff’s business with reference to his sales of gasoline. Therefore, it must be held that the exception was correctly sustained below.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.