JESSE KINSLEY

*v.*

THE CITY OF CHICAGO.

*Filed at Springfield March 28, 1888.*

1. MUNICIPAL CORPORATIONS—*license for the sale of meats, etc.—power to require license to be taken out.* Under the grant of power "to regulate the sale of meats, poultry, fish, cheese, lard, vegetables, and all other provisions, and to provide for a place and manner of selling the same," a municipal corporation may require that a license shall be obtained for the selling of such articles.

2. An incorporated city having the power "to make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease," has the right to require all sellers of meats to take out a license. Regulations in respect to the selling of meats have relation to health and disease.

3. SAME—*license fee—whether it may be exacted—and as to the amount.* Under a power to regulate a calling or business, merely, with no express powers of taxation, a license fee may be exacted, and the fact that such fee may exceed the necessary or probable expense of issuing the license and inspecting the business it covers, will not render the fee exacted illegal or unreasonable.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Criminal Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. C. B. SAMPSON, and Messrs. BARNUM, RUBENS & AMES, for the appellant:

Municipal corporations must in all cases show a plain and clear grant for the authority they assume to exercise. 1 Dillon on Mun. Corp. secs. 16, 87, 89.

The enumeration of the occupations that cities may license implies the exclusion of all others. *Thomas* v. *Railroad Co.* 101 U. S. 82; *City of Cairo* v. *Bross,* 101 Ill. 475.

In clauses 9, 13, 14, 15-22, 24, 33, 34, 49, 50, 52, 53, 54, 57, 58, 60, 65, 66, 79, 81, 82, 92 and 93, of section 1, article 5,

360          KINSLEY v. CITY OF CHICAGO.

Brief for the Appellee.    Opinion of the Court.

of the Incorporation act, the word "regulate" is not coupled with either the words "to license," "or to tax." This would seem to indicate that by the use of the words "to regulate," no power to license or tax is conferred.

Mr. FREDERICK S. WINSTON, and Mr. JOHN W. GREEN, for the appellee:

The power to exact a license in this case is found in article 5, section 1, clauses 50 and 78, of the act relating to cities and villages. Licensing is one of the proper modes of regulating an occupation.

In some of the States a license is issued under the police power, but the exaction of a license fee with a view to revenue would be an exercise of the power of taxation, which must be clearly given. Cooley's Const. Lim. sec. 201.

In this and some other States, under the power to license, the city is not confined to the exacting of a mere nominal sum. *Wiggins Ferry Co.* v. *City of East St. Louis*, 102 Ill. 560; *Howland* v. *Chicago*, 108 id. 500; *Braun* v. *Chicago*, 110 id. 186; *Distilling Co.* v. *Chicago*, 112 id. 19; *Dennehy* v. *Chicago*, 120 id. 627.

The power to regulate a business or occupation includes the power to license, as one of the appropriate means of regulation. *Provision Co.* v. *Chicago*, 88 Ill. 221.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from a judgment of affirmance by the Appellate Court for the First District, of a judgment of the Criminal Court of Cook county, for a penalty for keeping a meat market in the city of Chicago, and selling meats without a license, in violation of sections 1575 and 1579 of the revised ordinances of said city, as amended by the ordinances of July 10, 1882, and February 26, 1883. The only question presented by the record in this case is as to the validity of the aforenamed

sections, in imposing a license fee of fifteen dollars per annum upon vendors of meats.

The city's claim of authority for the requirement of the license is under the two following grants of powers of the general Incorporation act, under which the city of Chicago is organized:

"*Fiftieth*—To regulate the sale of meats, poultry, fish, cheese, lard, vegetables, and all other provisions, and to provide for a place and manner of selling the same."

"*Seventy-eighth*—To do all acts, make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease."

Although there is not here given, in express terms, the power to license, it is insisted, on behalf of the city, that as the power to regulate is expressly given, that power includes the power to license. This precise point was so adjudged by this court in *Chicago Packing Co.* v. *City of Chicago*, 88 Ill. 221, where it was held, that the 81st clause of section 62 of the general Incorporation act, giving cities and villages the power to direct the location of, and *regulate* the management and construction of, packing houses, etc., confers the power to license such establishments, as one of the means of regulating the same. It is admitted by appellant's counsel, that if that decision be adhered to, the judgment here must be affirmed, and a reconsideration is asked of the doctrine announced in that case.

It is said, that in examining the terms used in conferring the various powers as enumerated in the general Incorporation act, we find, in many instances, the words "to regulate" stand alone, not coupled with either of the words "to license" or "to tax;" that in other instances the words "to license" or "to tax," or both, are added to the words "to regulate," whence it is argued that the legislature did not intend that the power "to regulate" should carry with it and include, *ipso facto*, the power to license,—that the power here containing merely the words "to regulate," reading it in the light of the whole act, and applying the canons of interpretation applicable to muni-

cipal charters, the *omission* of the words "to license" is tantamount to an express *denial* of a power to license. We think this a too technical construction to be applied. After an attentive consideration of the ingenious argument of counsel in this respect, we fail of being satisfied that our former construction of the power in question, in 88 Ill., was erroneous, and we must still adhere thereto, regarding to license a business a legitimate means of the regulation of the business. All licenses issued by the city are made subject to the ordinances of the city, and upon a licensee violating any of the provisions of such ordinances, his license may be revoked by the mayor. The issuance of a license which may be promptly revoked upon the failure of the licensee in the observance of the regulations of the city concerning his occupation, is an efficient means of securing the faithful observance of such regulations. Regulations in respect to the selling of meats have relation to health and disease, and we think the city of Chicago has the power to require all sellers of meats to be licensed, under the charter power to regulate the selling of meats, and under the power to "make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease."

It is next insisted, that if the power "to regulate" confers the power to require a license, then the license fee can not be fixed at such a sum as will result in producing a revenue for the city; that to sanction such a result there must be expressly given the power "to tax." Cooley on Taxation, (1st ed.) 408, in speaking of grants of power to license, remarks: "Where the grant is not made for revenue, but for regulation, merely, a much narrower construction is to be applied. A fee for the license may still be exacted, but it must be such a fee, only, as will legitimately assist in the regulation, and it should not exceed the necessary or probable expense of issuing the license and of inspecting and regulating the business which it covers. If the State intends to give broader authority, it is a reasonable

inference that it will do so in unequivocal terms." Under the narrow rule of construction thus laid down we would not regard the amount of the license fee in this case as obnoxious to objection. But this court has always applied a more liberal rule of construction in reference to license fees. *Wiggins Ferry Co.* v. *East St. Louis,* 102 Ill. 560; *Howland* v. *City of Chicago,* 108 id. 500; *Braun* v. *City of Chicago,* 110 id. 186; *Distilling Co.* v. *City of Chicago,* 112 id. 19; *Dennehy* v. *City of Chicago,* 120 id. 627. In the above cases license fees in quite large amounts, and, manifestly, in part, at least, for revenue, were sustained. And the force of those decisions, in their application to the present case, is not avoided by the fact that there was given, there, express power to tax, license and regulate, as the license fees were sustained under the power to license, and not under the power to tax.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*