THE CITY OF CHICAGO

*v.*

CHARLES NETCHER.

*Opinion filed December 18, 1899.*

1. MUNICIPAL CORPORATIONS—*right of city to regulate sale of meats and provisions.* Under clause 50 of section 1, article 5, of the City and Village act, a city may regulate the sale "of meats, poultry, fish, butter, cheese, lard, vegetables and all other provisions," with the object of preserving or promoting the public health.

2. SAME—*when ordinance attempting to regulate sale of meats and provisions is void.* An ordinance making it unlawful for any person, firm or corporation engaged in selling "dry goods, clothing, jewelry and drugs * * * to have exposed for sale or sell to any person, firm or corporation any meats, fish, butter, cheese, lard, vegetables or any other provisions," is not a regulation but a purely arbitrary prohibition, and is void as an interference with property rights guaranteed by the State and Federal constitutions.

3. SAME—*ordinances passed under police power must have some beneficial operation toward the public.* In order to sustain an ordinance regulating the business of a citizen, which is claimed to have been passed by virtue of police power, it is necessary that the ordinance tends in some degree to prevent offenses or preserve or promote the public health, morals, safety or welfare.

4. SAME—*it is immaterial whether an unwarranted denial of property rights is in an ordinance or statute.* An attempt to deny a property right to a particular class in a community where all other mem-

bers of the community are left to enjoy it is an unwarrantable interference with constitutional rights, whether such denial is contained in a statute or in an ordinance passed under a statute.

5. SAME—*power of city to regulate liquor business authorizes any legislation beneficial to public.*  The power of a city to license, regulate or prohibit the sale of intoxicating liquor under clause 46, section 1, article 5, of the City and Village act, authorizes any police regulation having for its object the prevention of intemperance, pauperism and crime and the diminishing of the injurious consequences to the public resulting from the business.

6. SAME—*when ordinance regulating sale of liquor is arbitrary and void.*  An ordinance forbidding any person, firm or corporation to expose for sale or sell any intoxicating, malt or fermented liquor in any place of business where dry goods, clothing, jewelry or hardware are sold is unreasonable and void as to one who has complied with the license regulations, and who sells liquor in sealed packages only and not for consumption on the premises, since such restriction is arbitrary and does not tend to protect public welfare.

APPEAL from the Criminal Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

CHARLES M. WALKER, Corporation Counsel, and DENIS E. SULLIVAN, for appellant:

By the terms of clause 50, article 5, chapter 24, city councils are given the power "to regulate the sale of meats, poultry, fish, butter, cheese, lard, vegetables and all other provisions, and to provide for the place and manner of selling the same." It is as much a regulation of sale to say where such articles shall not be sold as to say where they shall be sold. The decisions of our courts in the matter of the establishing of markets, and the prohibition of the sale of meats, vegetables and other provisions within the market district, have uniformly sustained the legislative grants of power to municipal corporations to regulate the sale of provisions. *Caldwell* v. *Alton*, 33 Ill. 416; *Buffalo* v. *Webster*, 10 Wend. 100; *Bush* v. *Seabury*, 8 Johns. 418; *Munn* v. *People*, 69 Ill. 80; *Davenport* v. *Kelly*, 7 Iowa, 103; *Munn* v. *People*, 94 U. S. 113.

The law-making power is the sole judge when the necessity exists, and when, if at all, it will exercise the

right to enact such laws. *King* v. *Davenport*, 98 Ill. 314; *Covington* v. *East St. Louis*, 78 id. 548.

All ordinances passed under statutory authority will be sustained, unless it appears to the court that they are unreasonable and oppressive. *Rock Island* v. *Wagner*, 45 Ill. App. 446.

The presumption is in favor of the validity of an ordinance. *People* v. *Cregier*, 130 Ill. 401.

If the facts shown are susceptible of two constructions, one of which will support and the other defeat a statute or ordinance, the former will be adopted. *Harmon* v. *Chicago*, 140 Ill. 398.

WILSON, MOORE & McILVAINE, for appellee:

The court has power to pass upon the reasonableness of the ordinance. *Title and Trust Co.* v. *Chicago*, 162 Ill. 508; *Hawes* v. *Chicago*, 158 id. 657; *Lake View* v. *Tate*, 130 id. 252.

The ordinance is unreasonable, because unjust and oppressive, and because of its discrimination between citizens similarly situated and having equal rights. *Hibbard* v. *Chicago*, 173 Ill. 98; *Tugman* v. *Chicago*, 78 id. 405; *In re Day*, 181 id. 73; *Braceville Coal Co.* v. *People*, 147 id. 72; *Lake View* v. *Tate*, 130 id. 252; *Frost* v. *Chicago*, 178 id. 250; *Carrollton* v. *Bazzette*, 159 id. 293; *Lawton* v. *Steele*, 152 U. S. 137; *Eden* v. *People*, 161 Ill. 306; *Ritchie* v. *People*, 155 id. 98; *Frorer* v. *People*, 141 id. 171.

The denial of the right of appellee to sell provisions in his store cannot be justified as a proper exercise of police power. *Lake View* v. *Cemetery Co.* 70 Ill. 191; *Eden* v. *People*, 161 id. 306; *Railway Co.* v. *Jacksonville*, 67 id. 37; *Potts* v. *Breen*, 167 id. 74; *Lawbaugh* v. *Board of Education*, 177 id. 574; *DesPlaines* v. *Poyer*, 123 id. 350; *Lake View* v. *Tate*, 130 id. 252; *Chicago* v. *Trotter*, 136 id. 432; *Frorer* v. *People*, 141 id. 171; *Ritchie* v. *People*, 155 id. 98; *Lake View* v. *Letz*, 44 id. 81; *Matter of Jacobs*, 98 N. Y. Ct. of App. 103; *People* v. *Warden of City Prison*, 51 N. E. Rep. 1011; *McGrell* v. *Buffalo Bldg. Co.* 47 id. 305; *Lawton* v. *Steele*, 152 U. S.

137; *Railway Co.* v. *Ellis,* 165 id. 150; *Ramsey* v. *People,* 142
Ill. 380; *Millett* v. *People,* 117 id. 294; *Braceville Coal Co.* v.
*People,* 147 id. 72; *DesPlaines* v. *Poyer,* 123 id. 350; *People* v.
*Gillson,* 109 N. Y. 391.

The right of the defendant to sell in his store the ar-
ticles prohibited by the ordinance is guaranteed by the
constitutions of the State and of the United States, sub-
ject only to restrictions imposed in the proper exercise
of the police power.    *Frorer* v. *People,* 141 Ill. 171; *Ritchie*
v. *People,* 155 id. 98; *Carrollton* v. *Bazzette,* 159 id. 293; *Eden*
v. *People,* 161 id. 306; *In re Jacobs,* 98 N. Y. Ct. of App. 103;
*Commonwealth* v. *Perry,* 139 Mass. 198; *People* v. *Gillson,* 109
N. Y. 198; *Butchers' Union Co.* v. *Crescent City Co.* 111 U. S.
762; *Yick Wo* v. *Hopkins,* 118 id. 356.

WILLIAM W. GURLEY, and HORACE G. STONE, also for
appellee:

This ordinance is an unlawful discrimination.    *Eden*
v. *People,* 161 Ill. 296; *Millett* v. *People,* 117 id. 294; *Ritchie* v.
*People,* 155 id. 98; *Frorer* v. *People,* 141 id. 171; *Tugman* v.
*Chicago,* 78 id. 405; *Ramsey* v. *People,* 142 id. 380; *Braceville
Coal Co.* v. *People,* 147 id. 66.

Citizens have a constitutional right to sell useful and
harmless merchandise.    *Carrollton* v. *Bazzette,* 159 Ill. 284;
*Frorer* v. *People,* 141 id. 171; *Allreyer* v. *Louisiana,* 165 U. S.
578; *Yick Wo* v. *Hopkins,* 118 id. 356; *Lake View* v. *Cemetery
Co.* 70 Ill. 191; *People* v. *Gillson,* 109 N. Y. 389.

Selling merchandise is not a public business.    *Millett*
v. *People,* 117 Ill. 294; *Cecil* v. *Green,* 161 id. 265.

Merchants cannot be prohibited from selling from
their own stores even by market ordinances.    *Caldwell* v.
*Alton,* 33 Ill. 417; *Bloomington* v. *Wahl,* 46 id. 489; *Chicago* v.
*Rumpff,* 45 id. 90.

Prohibiting sales by certain persons or in certain
places creates a partial or entire monopoly.    *Chicago* v.
*Rumpff,* 45 Ill. 90; *Tugman* v. *Chicago,* 78 id. 405; *Caldwell*
v. *Alton,* 33 id. 417; *Bloomington* v. *Wahl,* 46 id. 489.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Two prosecutions were instituted before a justice of the peace by the city of Chicago, appellant, against Charles Netcher, appellee, for the violation of two ordinances of said city. In each case he was found guilty and fined $25 and costs by the justice. On appeal to the criminal court of Cook county the cases were tried upon agreed statements of fact before the court without a jury. In each case the court held the ordinance upon which the prosecution was based to be void, in propositions of law submitted for that purpose, and found the defendant not guilty. The city prosecuted appeals from these judgments to this court. The cases, being of the same nature and largely involving the same questions of law, have been argued together and will be considered and disposed of in this opinion.

The defendant is the owner of what is known as a "department store," or general store for the sale of different kinds of merchandise, divided into separate departments, in the city of Chicago. The ordinances are directed against stores of that class, and the object of each is to prohibit the sale of certain kinds of merchandise in any store or place of business where certain other kinds of merchandise are sold. One of these ordinances provides as follows: "It shall be unlawful for any person, firm or corporation doing business in this city, where dry goods, clothing, jewelry and drugs are sold, to have exposed for sale, or sell to any person, firm or corporation, any meats, fish, butter, cheese, lard, vegetables or any other provisions." The facts agreed upon at the trial for the violation of this ordinance were, that the defendant owned, conducted and operated the store in question, and in the basement and on certain floors exposed for sale, and sold, dry goods, clothing, jewelry and drugs, and on a different floor, where no such articles

were sold or exposed for sale, he exposed for sale, and sold, meats, fish, butter, cheese, lard, vegetables and other provisions.

The city of Chicago is organized under the general Incorporation law, and must find in its charter authority for the exercise of every power which it claims to possess. The authority to pass this ordinance is claimed by virtue of clause 50, section 1, article 5, of said act, which enumerates among the powers of the city council the following: "To regulate the sale of meats, poultry, fish, butter, cheese, lard, vegetables, and all other provisions, and to provide for place and manner of selling the same." (Hurd's Stat. 1895, p. 267.) Regulations concerning the sale of provisions have relation to the public health, and may be necessary or proper for its preservation and the suppression of disease. (*Kinsley* v. *City of Chicago,* 124 Ill. 359.) The clause of the Incorporation act relied upon confers upon cities organized under the act the right to regulate the sale of provisions, with the object of promoting or preserving the public health, where the regulation tends to serve that purpose. But this ordinance does not regulate the business of selling provisions nor prescribe the manner in which the business shall be carried on. It merely prohibits persons engaged in the business of selling dry goods, clothing, jewelry and drugs from selling in their stores the provisions enumerated in the ordinance. It permits a person to sell in any place or manner, provided, only, that he does not at the same time sell certain other things. A dealer may sell provisions at the same place with hardware, furniture, boots and shoes, hats and caps, millinery, books and stationery, crockery and glassware, carpets, confectionery, wooden ware, wall paper, or any other sort of merchandise except dry goods, clothing, jewelry and drugs. This is not a regulation but a prohibition, and a purely arbitrary one, which attempts to deprive certain persons of exer-

cising a right which has always been lawful and has been heretofore exercised throughout the State and country without question.

The ordinance is also an attempted interference by the city with rights guaranteed to the defendant by the constitutions of the United States and of this State. The questions involved are not new. They have been before this and other courts throughout this country in numerous cases, and the rights of the citizen, as against such interference, have been frequently defined and uniformly upheld. These constitutions insure to every person liberty and the protection of his property rights, and provide that he shall not be deprived of life, liberty or property without due process of law. The liberty of the citizen includes the right to acquire property, to own and use it, to buy and sell it. It is a necessary incident to the ownership of property that the owner shall have a right to sell or barter it, and this right is protected by the constitution as such an incident of ownership. When an owner is deprived of the right to expose for sale and sell his property he is deprived of property, within the meaning of the constitution, by taking away one of the incidents of ownership. Liberty includes the right to pursue such honest calling or avocation as the citizen may choose, subject only to such restrictions as may be necessary for the protection of the public health, morals, safety and welfare. The State, for the purpose of public protection, may, in the proper exercise of the police power, impose restrictions and regulations, but the right to acquire and dispose of property is subject only to that power. The individual may pursue, without let or hindrance from any one, all such callings or pursuits as are innocent in themselves and not injurious to the public. These are fundamental rights of every person living under this government. The legislature can neither by an enactment of its own interfere with such rights, nor authorize a municipal corporation to do so. *Frorer* v. *People,*

141 Ill. 171; *Ramsey* v. *People*, 142 id. 380; *Braceville Coal Co.*
v. *People*, 147 id. 66; Cooley's Const. Lim. 393.

In order to sustain legislative interference with the
business of the citizen by virtue of the police power it
is necessary that the act should have some reasonable
relation to the subjects included in such power.  If it is
claimed that the statute or ordinance is referable to the
police power the court·must be able to see that it tends,
in some degree, toward the prevention of offenses or the
preservation of the public health, morals, safety or wel-
fare.  It must be apparent that some such end is the one
actually intended, and that there is some connection be-
tween the provisions of the law and such purpose.  If it
is manifest that the statute or ordinance has no such
object, but, under the guise of a police regulation, is an
invasion of the property rights of the individual, it is the
duty of the court to declare it void.  (*Braceville Coal Co.*
v. *People, supra; Eden* v. *People*, 161 Ill. 296; Cooley's Const.
Lim. 577.)  It is not claimed in the argument for the city
that the selling of the different kinds of merchandise
mentioned in the ordinance in the same building tends in
any way to affect the safety, health, morals, comfort or
welfare of the public.  No attempt is made to suggest
any grounds upon which the ordinance can be justified as
an exercise of the police power of the city or the State.
It certainly cannot be contended that there is anything
in the character of dry goods, clothing, jewelry and drugs
which renders it dangerous to the public or inimical to
the general welfare that they should be sold in the same
building with provisions.  General stores have always
dealt in all kinds of merchandise, and no one has ever
imagined that the comfort, safety or welfare of the public
was in any manner or to any extent injured or prejudiced
by them.  Public health and public comfort are in no
way affected by selling the different kinds of merchan-
dise enumerated in different departments of the same
building, and would not be if the same clerk should sell

them; nor would the public welfare or comfort be increased by compelling a customer to buy one kind of merchandise in one store and another in some other store. In *Meyers* v. *Baker*, 120 Ill. 567, the act prohibiting the establishment of any tent, booth or place of vending provisions or refreshments within a certain distance of a camp meeting was sustained as a police regulation tending to prevent disturbance or disorderly conduct. But this ordinance has no such purpose. It is plain that its object is not to protect the health, morals or safety of the public or to accomplish any object falling within the police power. It is a mere attempt to deny a property right to a particular class in the community where all other members of the community are left to enjoy it. It is immaterial whether such a denial is in a statute or in an ordinance passed by virtue of a statute. It is equally invalid in either case.

The other ordinance, under which the second prosecution was begun, provides as follows: "It shall be, and is, unlawful for any person, firm or corporation to have exposed for sale, or sell, any intoxicating, malt or fermented liquors in any place of business in the city of Chicago where any dry goods, clothing, jewelry or hardware are kept or exposed for sale." The agreed statement of facts is, that the defendant kept in his above mentioned store dry goods, clothing, jewelry and hardware and exposed them for sale in the basement and on certain floors, and on a different floor kept and exposed for sale, and sold, intoxicating, malt and fermented liquors; that no liquors of any kind were sold to be drunk on the premises, and none were kept except in sealed bottles or jugs, which were delivered to the purchaser at the store or delivered by wagons, and that defendant had complied with all the rules and ordinances of the city, and was entitled to sell intoxicating, malt and fermented liquors in said store, except so far as he was disqualified and prevented, if at all, by the said ordinance.

The authority of the city to regulate the liquor business is found in clause 46 of said section 1 of article 5 of the Incorporation act, as follows: "To license, regulate and prohibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor, the license not to extend beyond the municipal year in which it shall be granted, and to determine the amount to be paid for such license." (Hurd's Stat. 1895, p. 267.)

The liquor business is one peculiarly subject to the police power on account of the multitude of evils which result from it. Police regulation of that business has always been sustained, as having for its object the prevention of intemperance, pauperism and crime, and diminishing, as far as practicable, the injurious consequences to the public resulting from the business. In *Schwuchow* v. *City of Chicago*, 68 Ill. 444, it was said: "This business is, on principle, within the police power of the State, and restrictions which may rightfully be imposed upon it might be obnoxious as an illegal restraint of trade when applied to other pursuits." It is clearly within the police power to prohibit all sales of liquor on the ground that "dram drinking is an evil to the person and pernicious to the welfare of the public." (*Dennehy* v. *City of Chicago*, 120 Ill. 627.) The city may also form prohibition districts for the protection of particular neighborhoods from the influence of dram-shops, wherever it is desirable or reasonable that there should be such prohibition, although the sale may be licensed in other parts of the city. (*People ex rel.* v. *Cregier*, 138 Ill. 401.) This ordinance, however, is not an exercise of the police power for the protection of the public from the injurious effects of the liquor business. It is not aimed at the suppression of the business, either in certain localities or upon any ground of police regulation, but is directed solely against the sale by certain persons in their places of business,—that is, by those who also sell dry goods, clothing, jewelry or hardware. The city of Chicago has

not seen fit to prohibit the sale of liquor, either generally or in the district of the city where defendant's store is kept. It has established its policy with reference to that business, and defendant has complied with its ordinances so as to be entitled to sell liquor in his store unless this ordinance constitutes a valid prohibition against his doing so. It is apparent that if there is any evil in permitting a sealed bottle of liquor to be sold from a store where dry goods, clothing, jewelry or hardware are sold, the same evils would result from the sale from any other kind of a store. The ordinance permits the dealer in all kinds of merchandise, except dry goods, clothing, jewelry and hardware, to sell liquor from his store, and the city cannot arbitrarily discriminate against the defendant without any basis or ground for the discrimination. Special privileges are not to be granted to favored persons in the liquor business any more than in any other business. (*Zanone* v. *Mound City*, 103 Ill. 552.) There are other clerks employed in the other departments of defendant's store, separate and independent from this, but there is no liquor drunk on the premises and none sold there for that purpose, so that the ordinance could not have been intended to prevent making a drinking place where clerks are employed in other lines of business. The restriction is purely arbitrary, not having any connection with and not tending in any way toward the protection of the public against the evils arising from the sale of intoxicating liquor. That was not the object of the ordinance, and the attempted discrimination is illegal and in violation of the defendant's rights.

The criminal court was right in holding both ordinances void, and the judgments are affirmed.

*Judgment affirmed.*