Argued November 30, decided December 14, 1909 , rehearing denied February 1, 1910.

ABRAHAM v. CITY OF ROSEBURG.

[105 Pac. 401.]

LICENSES—DELEGATION OF POWER TO CITY—OCCUPATIONS—ATTORNEY AT LAW.

1. Under Roseburg City Charter (Sp. Laws 1905, p. 40), Chap. 5, Sec. 34, authorizing the city to license "all such callings, trades and employments as the public good may require," a license fee may be imposed on the occupation of attorney at law.

Licenses—Delegation of Power to City—Construction of Statutes.
2. Statutes granting power to a city to license occupations are to be strictly construed.

Licenses—Delegation of Power to City—Construction of Statutes —"Public Good."
3. In Roseburg city charter (Sp. Laws 1905, p. 40), c. 5, § 34, authorizing the city "to license and regulate all such callings, trades and employments as the public good may require," the words "public good" are sufficiently broad to include the raising of revenue if, in the judgment of the city council, revenue is needed.

Statutes—Construction—Statutes Adopted From Other States.
4. Where a statute of another state is adopted, it is presumed to have been adopted with the construction placed on it by the courts of that state.

Municipal Corporations—Violation of Ordinances—Jurisdiction.
5. Under Roseburg city charter (Laws 1905, p. 46), § 48, giving the recorder the jurisdiction and authority of a justice of the peace within the city limits, he may try persons charged with violation of a city ordinance.

Municipal Corporations—Violation of Ordinances—Construction of Charter—Necessity of Ordinance.
6. Roseburg city charter, § 48 (Laws 1905, p. 46), provides that "the recorder shall possess the jurisdiction and authority of a justice of the peace within the city limits. * * There shall be no right of appeal from the decision of the recorder for the violation of any ordinance unless the sentence be for imprisonment for ten days or more, or for the payment of a fine exceeding $20. * * He shall pay over to the city treasurer all moneys collected in the recorder's court as fees and costs in trials for violation of city ordinances." Held, that the recorder is authorized to try causes for violation of city ordinances, independent of any ordinance to effectuate and define the methods or procedure in such court.

From Douglas: James W. Hamilton, Judge.

The plaintiff, Albert Abraham, appeals from a decree of the circuit court dismissing a writ of review brought by him against the City of Roseburg.　　　Affirmed.

For appellant there was a brief with oral arguments by *Mr. Albert Abraham* and *Mr. John A. Buchanan.*

For respondent there was a brief over the names of *Mr. Frank G. Micelli* and *Mr. John T. Long,* with an oral argument by *Mr. George Neuner, Jr.*

Mr. Justice McBride delivered the opinion of the court.

The plaintiff appeals from a decision of the circuit court dismissing a writ of review brought by him against

the defendant. His appeal presents two questions for our consideration. First, has the City of Roseburg power under its charter to exact from a person pursuing the occupation of attorney at law, a license fee of $10? Second, has the city recorder of Roseburg power under the charter to try persons for violating the city ordinances?

1. The city charter (Sp. Laws 1905, p. 40) gives the council power to license, tax, and regulate hawkers, peddlers, pawnbrokers, shows, public amusements, and various employments and occupations therein expressly named. In addition to this grant of power, section 34 of chapter 5 of the charter reads as follows:

"To license and regulate all such callings, trades and employments as the public good may require to be licensed and regulated and as are not prohibited by law."

The power of the legislature to grant to municipalities authority to impose a tax upon occupations and employments is not disputed, and has been upheld by this court. *Lent* v. *City of Portland,* 42 Or. 488 (71 Pac. 645).

2. But statutes granting such power are to be strictly construed. Smith, Municipal Corporations, § 1456.

"The authority to license and regulate particular branches of business is usually regarded as a police power, but, when license fees are imposed for purposes of revenue, they are taxes. Such license fees can only be considered as taxes when clearly authorized as such by the legislature." Smith, Municipal Corporations, § 1455.

3. It is necessary to consider the whole charter in order to ascertain whether it confers the power to raise revenue by means of licenses.

"Words of this character, however, do not always have exactly the same meaning and the intention of the legislature in using them must often be gathered from the whole charter and the general legislation of the State respecting the subject-matter." Dillon's Municipal Corporations (3 ed.), § 357.

There are many conflicting decisions on this subject, several courts holding that under charter provision, such as the one above quoted, no fee could be charged beyond the reasonable cost of issuing the license and regulating the occupation to be carried on. *Cincinnati* v. *Bryson,* 15 Ohio, 625 (45 Am. Dec. 576) ; *City of St. Louis* v. *Boatman's Insurance & Trust Co.,* 47 Mo. 150. Other courts, and perhaps the most recent decisions, hold that under a power to "license and regulate" employments the license may be used as a means of raising revenue. *Ex parte Frank,* 52 Cal. 606 (28 Am. Rep. 642) ; *City of San Jose* v. *San Jose & Santa Clara R. R. Co.,* 53 Cal. 475; *Kingsley* v. *Chicago,* 124 Ill. 359 (16 N. E. 260) ; *State* v. *Citizens' Bank of Louisiana,* 52 La. Ann. 1086 (27 South. 709) ; *Fleetwood* v. *Read,* 21 Wash. 547 (58 Pac. 665: 47 L. R. A. 205). It is not disputed that if the words, "for the purpose of raising revenue," had been added to the section of the charter above quoted, the authority to collect the sum imposed upon attorneys for a license would have been unquestionable, but we think the language used is quite as comprehensive. It authorizes the imposition of a license upon all such employments as "the public good may require to be licensed." Now, the term "public good" is exceedingly broad. Enough so to include the raising of revenue if, in the judgment of the council, revenue is needed.

4. There is another consideration that should have great weight in the decision of this question. This clause in the Roseburg charter is copied word for word from the charter of San Francisco, passed in 1872. In 1878 the Supreme Court of California construed this very clause in the San Francisco charter to mean that under its provisions the city was authorized to impose a license for the purpose of raising revenue. *Ex parte Frank,* 52 Cal. 606 (28 Am. Rep. 642). It is a familiar rule of statutory construction that, where a statute of one State

is adopted or copied into the statutes of another State, it is presumed to have been adopted with the construction placed upon it by the courts of the State where it originated. Endlich, Interpretation of Statutes, § 530; *State* v. *Finch,* 54 Or. 482 (103 Pac. 505).

5. For the foregoing reasons, we are of the opinion that the ordinance in question was fully within the power granted the City of Roseburg by its charter. We are also of the opinion that the recorder of the City of Roseburg had authority to try persons accused of violating the city ordinances.

6. Section 48 of the charter, so far as it relates to the matters in question, reads as follows:

"The recorder shall possess and have the jurisdiction and authority of a justice of the peace within the corporate limits of the City of Roseburg. * * There shall be no right of appeal from the decision of the recorder for the violation of any ordinance of the city, unless the sentence be for imprisonment for ten days or more, or for the payment of a fine exceeding $20. * * He shall pay over to the city treasurer all moneys collected in the recorder's court as fees and costs in trials for violations of city ordinances."

We think that, independent of any ordinance passed by the council to effectuate and fully define the method of procedure in the recorder's court, the section just quoted is sufficient to authorize the recorder to hear and determine causes arising out of the violation of city ordinances.

It follows, therefore, that the judgment of the circuit court should be affirmed; and it is so ordered.

                    AFFIRMED:    REHEARING DENIED.