(No. 20381.—

THE CITY OF FLORA, Appellant, *vs.* JOHN BORDERS, Appellee.

*Opinion filed December 18, 1930.*

SMITH & SMITH, for appellant.

HARRY F. JOHNSON, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellant, the city of Flora, has appealed from a judgment of the circuit court of Clay county in favor of appellee, John Borders, in bar of an action brought against him for a violation of a wheel tax ordinance of the city of Flora. The trial court certified that the validity of a municipal ordinance was involved and that public interest required a direct appeal to this court.

Section 1 of the ordinance in question provides, among other things: "That from the time this ordinance shall be in full force and effect, it shall be unlawful for any person, firm or corporation residing or doing business within the city of Flora, in Clay county, Illinois, to use, or cause or permit to be used by any of his, her or its agents, servants or employee, any vehicle upon any streets, avenues or alleys of the said city of Flora, unless such vehicle shall be licensed as herein provided."

It was stipulated by the parties that appellee owned and operated a truck which was duly licensed under the State law; that he lived and had his place of business outside the limits of the city of Flora, in which city he did occasional hauling with his truck; that on May 5, 1929, he was engaged by one Schiffman to remove, and did remove, for hire, from one building to another in the city, with his motor truck, a stock of goods, and that he had not prior thereto procured a city license for the truck in accordance with the city ordinance.

Section 26 of the Motor Vehicle act (Smith's Stat. 1929, par. 227, p. 2512,) provides, among other things: "No owner of a motor vehicle or motor bicycle who shall have obtained a certificate from the Secretary of State and paid the registration fee as hereinbefore provided, shall be required by any city, village, town or other municipal corporation within the State other than that within which said owner resides to pay any tax or license fee for the use of such motor vehicle or motor bicycle." Appellee by reason of such provision could not be required to pay a tax or license for the use of a motor truck by any city, village, town or other municipal corporation in this State other than the one in which he resided. Not being a resident of the city of Flora, the circuit court properly held that he was not liable to pay a license fee or tax for the use of his motor truck to the city of Flora.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*