278

City of Troy, Appellant, v. Joseph Holten, Appellee.

Opinion filed November 9, 1936.

JAMES L. REED and BURROUGHS, SIMPSON & REED, of Edwardsville, for appellant.

WM. C. DUNHAM, of East St. Louis, and J. N. Mc-CLEES, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

The city of Troy, appellant, on September 8, 1935, passed an ordinance designated as one regulating vehicles carrying foodstuffs, section 1 of which provided: ''It shall be unlawful to use or permit the use of any vehicle, including wagons and motor vehicles and vehicles propelled by human power, for the storage or carrying of any meats, poultry, fish, butter, cheese, lard, vegetables, bread or bakery products, or any other provisions intended for human consumption, including beverages and milk, in the city for the purpose of delivering any such foodstuffs to any place in the city for use and consumption or for resale in the city for such purposes, unless a license for such vehicle is first secured and the provisions of this ordinance are fully complied with.''

The ordinance further provided that such license should be $25 annually, the fees therefor to be paid to the city clerk and to be turned over by him to the city treasurer. It also contained regulations as to the sanitation of such vehicles and for inspection of the same, as well as penalties for its violation.

Appellee, Joseph Holten, was arrested before a justice of the peace and charged generally with having violated said ordinance. He was there fined $5 and costs, from which he appealed to the circuit court, where, upon a retrial, the issues were found in his favor. Appellant has prosecuted this further appeal to reverse the judgment of the trial court.

The only question, as agreed by both parties, is the validity of the ordinance, and while the record fails to show whether appellee was charged with failure to secure a license as therein required, or some other provision thereof, both parties have argued the cause as though the failure to secure a license was the violation claimed, and we shall therefore so consider the matter.

Appellee contends that the ordinance contravenes Cahill's St. 1931, ch. 95a, ¶ 27 (par. 227 of ch. 121, Smith-Hurd R. S. 1931) which is: "No owner of a motor vehicle or motor bicycle who shall have obtained a certificate from the Secretary of State and paid the registration fee as hereinbefore provided, shall be required by any city, village, town or other municipal corporation within the State other than that within which said owner resides to pay any tax or license fee for the use of such motor vehicle or motor bicycle."

This has been held to be a valid legislative enactment and one which precludes a municipality, other than the one in which the motor vehicle owner lives, from imposing upon him any license or tax in addition to the State registration fee. *City of Flora v. Borders,* 342 Ill. 208.

Appellee, during the period of time involved, was a resident of the city of Collinsville, had paid the State registration fee, and procured from the secretary of state his certificate therefor. He also had a city license for his vehicle from the city of Collinsville, and during the course of his employment made deliveries of foodstuffs in the city of Troy. We infer from the arguments, though it is not contained in the evidence

or stipulation, that he did not take out a license in the latter city as required by such ordinance.

That appellant had full authority to regulate the use of vehicles carrying foodstuffs within its boundaries, in such way as to safeguard health or insure their proper sanitation and cleanliness, is thoroughly established as a rule of law in this State. *Spiegler v. City of Chicago,* 216 Ill. 114. It, however, had no right, under the pretense of police or sanitary requirements, to impose a license fee or tax upon anyone not a resident of the city. Cahill's St. 1931, ch. 95a, ¶ 27 (par. 227, ch. 121, R. S.), *supra.*

The power of the city to regulate the conveyance of foodstuffs being admitted, it follows that as an incident thereto that appellant had the power to require a license fee for the vehicles so employed in transporting the same, in order to defray the reasonable expense of such regulation, in the interest of public health and safety. *City of Chicago v. Arbuckle Bros.,* 344 Ill. 597; *Kinsley v. City of Chicago,* 124 Ill. 359.

It is necessary to determine whether the license fee exacted by sec. 1 of the ordinance was so intended, or whether it was designed to produce revenue. If it was the latter it amounted to a tax, and was within the inhibition of said Cahill's St. 1931, ch. 95a, ¶ 27 (par. 227, ch. 121, R. S.).

Sec. 3 of the ordinance requires, among other things, that such vehicles be kept in a clean and sanitary condition, and thoroughly cleaned each day they are used. Sec. 4 provides that a duty rests upon the mayor to make or cause to be made such inspections as are requisite to insure a compliance with the terms of the ordinance. It is thus observed that no stated times for inspection are prescribed, nor the manner of or the extent of the same, it being left solely to the discretion of the mayor to determine when and how the vehicles should be subjected to inspection. Further, the license fee, collectible by the clerk, was by him to be forthwith

turned over to the city treasurer where it would become a part of the general city funds.

There is no provision that the license fees should be constituted a separate fund to defray the cost of inspection or enforcement of the ordinance, nor that it was intended to be devoted to such purposes. It seems reasonable to believe that had the city council designed that the fees thus derived from the issuance of such licenses should be devoted to the expense of inspection or regulation, they would in some manner have manifested such intention in the ordinance. The enactment, however, is silent upon the subject.

Sec. 2 reads: "No license fee shall be required for any vehicle used to deliver foodstuffs from any establishment which is licensed and inspected as a food-dealing establishment in the city; but all provisions of this ordinance shall be complied with in connection with such vehicles other than that providing for the payment of the fee."

While the court had this case under advisement, the United States Circuit Court of Appeals for the Seventh Circuit handed down its opinion in the case of *Jewel Tea Co. v. City of Troy*, 80 F. (2d) 366. In that case the identical ordinance which is here involved, was passed upon and held valid. In that case the court said:

"It is clear that if the fee is designed for the purpose of meeting the expense of such inspection and regulation of vehicles in the interest of the public health, it is not assailable as a burden upon interstate commerce." That is equally true with reference to the statute above quoted; if it is a revenue measure it is in contravention of said statute; if, on the other hand, as said above, it is for the purpose of providing the expense of inspection and so forth, and the carrying out of the ordinance, it is not in such contravention. This ordinance was designated as one regulating vehicles carrying foodstuffs. We cannot say

that it is in fact a revenue ordinance merely because the body of the ordinance does not say that it is not.

By amendment the fee of $25 was reduced to $15. We would not be warranted in assuming, and the evidence is not convincing, that this is a larger fee than is necessary for purposes of regulation. Further, the fact, if it is a fact, that all of the fee required is not devoted to the purposes of regulation, does not invalidate the ordinance on the ground that it is a revenue measure. In *Clark v. Poor,* 274 U. S. 554, passing upon the contention that proceeds of similar fees were not all devoted to the purpose for which they are collected, the United States Supreme Court said:

"It is said that all of the tax is not used for maintenance and repair of the highways; that some of it is used for defraying the expenses of the commission and the administration or enforcement of the act; and some for other purposes. This, if true, is immaterial. Since the tax is assessed for a proper purpose and is not objectionable in amount, the use to which the proceeds are put is not a matter which concerns the plaintiffs."

Courts will not lightly set aside ordinances any more than they will statutes. Conditions under which the ordinances appear obnoxious to statutes or the Constitution must clearly appear. The presumption is that they comply.

We are of the opinion that the ordinance being designed as a regulatory measure and not a revenue measure, there is not sufficient in this record to establish said ordinance as a revenue measure. That being the chief contention in this case, it follows that we are of the opinion that there is no warrant for holding this ordinance invalid on the theory that it is a revenue measure. The judgment of the circuit court is reversed.

*Judgment reversed.*