(No. 24800.—

THE AMERICAN BAKING COMPANY *et al.* Appellants, *vs.*
THE CITY OF WILMINGTON *et al.* Appellees.

*Opinion filed December 15, 1938—Rehearing denied Feb. 8, 1939.*

SHAW, C.J., and FARTHING, J., dissenting.

THOMAS J. CAVANAGH, JR., and JOSEPH P. BRODIE, for appellants.

MATTHEWS, KALETH & SHAPIRO, (THOMAS A. MATTHEWS, of counsel,) for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal from a decree and an order of the circuit court of Will county dissolving a temporary injunction and dismissing appellants' complaint for want of equity. The trial judge has certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal to this court.

The challenged ordinance of the city of Wilmington provides that every vehicle used for the storage or carrying of products intended for human consumption in the city, or for the purpose of delivering any such food-stuffs to any place in the city for use and consumption or for resale, shall be licensed. The annual license fee for each vehicle is fixed at fifteen dollars.

Section 2 of the ordinance makes this exemption: "No license fee shall be required for any vehicle used to deliver food-stuffs from any establishment which is licensed and inspected as a food-dealing establishment in the city; but all provisions of this ordinance shall be complied with in connection with such vehicles other than that providing for the payment of fees."

Section 3 provides certain standards of sanitation for the vehicles and food-stuffs. Section 4 provides it shall be the duty of the mayor to make or cause to be made such inspections as may be necessary to insure compliance with the provisions of the ordinance. Section 5 provides penalties for a violation of the ordinance.

The complaint alleged plaintiffs are engaged in the business of distributing food-stuffs at wholesale to various cities, including the city of Wilmington, and their residence and principal places of business are outside the city of Wilmington; that trucks are used to make such deliveries, all of which trucks were duly licensed by the State of Illinois and by the city of Joliet; that all of the vehicles of plaintiffs have been duly inspected and their sanitary conditions ascertained by local authorities of the place of residence or principal place of business of each of the plaintiffs; that the trucks and vehicles are operated under sanitary conditions and that the articles contained therein are in a clean, healthy condition and wrapped in sealed containers; that the products of plaintiffs are duly inspected, and the source of supply thereof inspected in compliance with all of the pure food laws of the State of Illinois and of the Federal government. It further alleged that said ordinance is unconstitutional; that *quasi*-criminal proceedings for violations of the ordinance have been commenced in some instances and threatened in others, and that this will cause a multiplicity of suits and irreparable injury to plaintiffs. The complaint prayed for the issuance of an injunction restraining the defendants from prosecuting such proceedings or enforcing the ordinance. Defendants filed a motion to dismiss the complaint, alleging the ordinance was valid. After a temporary injunction was issued, a hearing was had on the motion to dismiss. The temporary injunction was dissolved and the complaint dismissed for want of equity.

Appellants argue that the ordinance is invalid for four reasons: (1) It violates section 26a of the Motor Vehicle act, which provides that no vehicle shall be licensed by any city except the city in which the owner resides; (2) the ordinance is, in fact, for revenue only; (3) the ordinance is confiscatory; (4) it is discriminatory in favor of residents of Wilmington and against appellants.

It is established that a city has no power to require a non-resident to pay a tax or license fee for the use of a motor vehicle. (Ill. Rev. Stat. 1937, chap. 95½, par. 32; *City of Flora* v. *Borders,* 342 Ill. 208.) However, a city, in the interest of the public health, is authorized to regulate the sale and distribution of food and to provide for its inspection, and for the purpose of such regulation to license the business of the sale of food and make such reasonable rules as are appropriate and necessary to assure sanitary conditions in the sale and distribution of food. The power to regulate includes the power to license. (*City of Chicago* v. *R. & X. Restaurant, Inc.,* 369 Ill. 65; *City of Chicago* v. *Arbuckle Bros.* 344 id. 597.) Our question, then, is whether the ordinance imposes a license fee on motor vehicles or whether it is a regulation of the business of selling, storing, and distributing food-stuffs. Section 3 lays down various sanitary requirements, and section 4 provides for inspections to insure compliance with the law. We are convinced from a reading of the ordinance that it is a regulation of a business, and not a licensing of motor vehicles.

It is next argued that this ordinance is, in fact, for revenue only and is, therefore, invalid. It is true that where the power to license is impliedly conferred upon a city as an incident to regulation, it may only be exercised in connection with other proper regulations of the business or occupation for which the license is granted. The city has no power to exact such a license fee solely for the purpose of raising revenue. The charge for the license must bear some reasonable relation to the additional burdens imposed upon the municipality by the business or occupation licensed and the necessary expense involved in police supervision. (*Ward Baking Co.* v. *City of Chicago,* 340 Ill. 212.) But the mere fact that the license required may possibly exceed the necessary or probable expense of issuing the license and of inspection does not necessarily render the fee illegal or unreasonable. However, it must be such a fee, only, as will

legitimately assist in regulating the business which it covers. (*Chicago* v. *Arbuckle Bros. supra; Kinsley* v. *City of Chicago,* 124 Ill. 359.) The allegations of the complaint do not show that a fifteen-dollar annual fee per vehicle is so excessive that it is manifest the real purpose is other than regulatory. *Ward Baking Co.* v. *City of Chicago, supra,* is not in point here. In that case the ordinance prescribed no conditions as to the manner of maintaining and operating the vehicles, nor did it purport to make provision for their inspection.

Under this point appellants allege and argue that the city of Wilmington has only one police officer and no other persons to make such inspections, that the provisions for inspection are not being enforced, and that the ordinance is not being enforced against certain named classes of people and goods. This is wholly irrelevant as to the validity of the ordinance. It relates only to its enforcement. An ordinance is not rendered void by failure of the city to enforce it. *People* v. *Village of Oak Park,* 266 Ill. 365.

We cannot agree that an annual fee of fifteen dollars is so unreasonable as to be confiscatory. Appellants allege that their trucks make deliveries in many other cities now having similar license fees and that the total of these fees is so excessive as to amount to a confiscation of their property. The power of the city to enact this ordinance does not depend on the non-enactment of similar licensing ordinances by other municipalities. *Fligelman* v. *City of Chicago,* 348 Ill. 294.

Finally, it is contended that the ordinance is invalid because it is discriminatory in favor of residents of the city of Wilmington and against appellants. Appellants rely on *City of Elgin* v. *Winchester,* 300 Ill. 214. In that case nonresidents were required to pay a license fee for the privilege of distributing advertisements, but the ordinance provided no license should be required of residents who obtained a permit from the mayor. We held the ordinance invalid, and

said, "A statute or ordinance which in imposing a license tax discriminates in favor of the residents of a State or city and against non-residents of the same class is unconstitutional." Here, however, the ordinance applies to residents and non-residents alike. All vehicles not delivering from duly licensed food-dealing establishments, whether owned and operated by residents or non-residents, must pay the license fee. The exemption does not run to residents of the city, but to persons licensed as food-dealers in the city, whether they be residents or non-residents. The ordinance is, therefore, not subject to the criticism offered.

In their reply brief appellants state that the fact that the ordinance exempts only persons licensed as food-dealers in the city is not conclusive proof that the food-dealers so licensed pay a fee of a similar amount or, in fact, any fee at all for the license. The city here makes no such claim. It is fundamental that where an ordinance is within the grant of power conferred by the legislature, the presumption is in favor of the validity of the ordinance.

The ordinance is not invalid for any of the reasons urged. The decree and order are therefore affirmed.

*Decree and order affirmed.*

SHAW, C.J., and FARTHING, J., dissenting.