(No. 27378.—

GENERAL BAKING COMPANY *et al.*, Appellants, *vs.* THE CITY OF BELLEVILLE, Appellee.

*Opinion filed November 19, 1943.*

DUBAIL & JUDGE, and L. HAROLD DEGNAN, for appellants.

JOHN T. THOMAS, and W. R. WEBER, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants, baking companies situated in St. Louis, Missouri, filed a complaint in the circuit court of St. Clair county seeking to recover certain monies paid as license fees under an ordinance of the city of Belleville. From the order of the court dismissing the complaint the cause

is brought here on certificate of the trial judge that the validity of an ordinance is involved and the public interest requires that the case be appealed directly to this court.

Appellee, city of Belleville, in 1937, adopted an ordinance regulating vehicles carrying and delivering foodstuffs for human consumption in the city. By the terms of the ordinance, such vehicles are made subject to daily inspection and a license fee of $50 per year is required for each vehicle except those used to deliver foodstuffs from food-dealing establishments in the city, licensed and inspected as such, and whose vehicles are inspected under other ordinances. The ordinance is essentially identical with those previously considered by this court in *American Baking Co.* v. *City of Wilmington,* 370 Ill. 400, and *Keig Stevens Baking Co.* v. *City of Savanna,* 380 Ill. 303. In those cases the ordinances were held valid. So far as all points raised in those cases are concerned, appellants' case is disposed of. But appellants here say the cases are not the same because in this case the ordinance complained of is a burden on interstate commerce and, by reason of discrimination, deprives appellants of property without due process of law, and that those questions were not in the cases previously before this court.

Appellants, in their complaint, say they have complied with all the public-health laws of the State of Missouri affecting the manufacture, wrapping and sealing of all products delivered in the city of Belleville. They say also that while the ordinance involved here is presumed to be passed in the interest of public health, it is either a revenue measure or one benefiting the residents of the city of Belleville, only, and is therefore discriminatory, particularly as against nonresidents of the State, and so contravenes the commerce clause and equal protection and due-process clauses of the Federal constitution.

Counsel cite numerous cases of the Federal courts based on the conclusion that the statute there involved laid a

direct burden on interstate commerce because such statutes were either inherently void for want of power to enact them, or were repugnant to the commerce clauses because of discrimination, and so illegally affected interstate commerce. Of such were *Minnesota* v. *Barber,* 136 U. S. 313, 34 L. ed. 455, *Brimmer* v. *Rebman,* 138 U. S. 78, 34 L. ed. 862, *Baldwin* v. *Seelig,* 294 U. S. 511, 79 L. ed. 1032, and other like cases cited by appellants.

The rule generally recognized is that ordinances imposed for the purpose of protecting public health cannot be said to have so burdened interstate commerce as to render them repugnant to the Federal constitution if the license fees imposed bear a reasonable relation to the cost of the enforcement of the regulation, and the terms of the ordinance bear a reasonable relation to the purpose for which it was passed and are not discriminatory. In *Caskey Baking Co.* v. *Virginia,* 313 U. S. 117, 85 L. ed. 1223, an attack was made on the Tax Code of the State of Virginia which imposed an annual tax on everyone peddling and delivering merchandise in the State other than a manufacturer taxable on its capital by the State, or a wholesale dealer regularly licensed by the State. A license fee of $100 for each vehicle used in the business of such nonresident was fixed. The act was attacked on the grounds urged here: that the transportation of bread across the State line into Virginia was interstate commerce and the exaction by the tax laws of Virginia worked a forbidden discrimination and imposed an illegal burden on interstate commerce. These contentions were denied. In the opinion of the court it was pointed out that the act hits the local business of peddling and as such imposes no burden upon interstate commerce which the constitution prohibits and does not discriminate against interstate commerce by exempting from its operation the privilege of sales by manufacturers of the State who pay a tax on their local capital in the State of Virginia. Such was held not to be a hostile

discrimination and it was pointed out that all peddlers, whether residents of Virginia or not, who buy goods within or without the State, who do not pay licenses or taxes to the State, as specified in the exceptions contained in the act, are alike subject to the act. It was there pointed out that were it not for the statute attacked, peddlers from outside of the State would be the only vendors in the State to escape some form of taxation. As was held in the two cases previously before this court, the provisions of this ordinance apply to those within and without the city of Belleville, and if appellants were to escape such taxation they would be afforded an unjust advantage over those of the city who paid a license fee under this or other regulatory ordinances.

In the earlier case of *Armour* v. *Virginia*, 246 U. S. 1, 62 L. ed. 547, it was held that the statute there considered was within the inherent legislative power of the State and that the difference between the situations of the manufacturers there involved was such as to afford adequate ground for distinct classification. So, in the case before us, the fact that appellants are manufacturers outside the limits of the city of Belleville, and in nowise subject to other regulations and license fees as are their resident competitors, affords a reasonable basis for excluding from the general application of the licensing features of the ordinance those who pay license fees under other ordinances of the city to which the appellants are in nowise subject. All other provisions of the ordinance attacked are applicable to resident as well as nonresident vendors.

We are of the opinion that there is no unlawful discrimination against appellants and that the requirement that they pay these license fees does not constitute an illegal burden on interstate commerce. The ordinance is therefore not open to the constitutional objections urged. The judgment of the circuit court of St. Clair county was right and is affirmed.                    *Judgment affirmed.*