---

(No. 11629.—Reversed and remanded.)
THE CITY OF CHICAGO, Appellant, *vs.* THE AMERICAN TILE AND GRAVEL ROOFING COMPANY, Appellee.

*Opinion filed February 20, 1918.*

1. ORDINANCES—*amendatory act or ordinance does not purport to repeal an existing act.* An amendment is a change or alteration of an existing law or of some of its provisions, and an amendatory act or ordinance does not purport to repeal an act or section as it previously existed but only changes or amends it to read as therein stated, and the law continues in its changed form.

2. SAME—*when an ordinance requiring license fee for roofer's wagons is not invalid.* An ordinance requiring a license fee of $10 each for wagons used in the roofing business, enacted under the city's authority to regulate the use of its streets and not under the power to license vehicles, is not invalid because the city has already enacted a wheel tax ordinance, nor because the width of the tires of the wagons is not prescribed, nor the license fee required to be kept in a separate fund and used only for street and alley improvements.

APPEAL from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, and HARRY B. MILLER, (DANIEL WEBSTER, and RUPERT BIPPUS, of counsel,) for appellant.

GEORGE M. BAGBY, (JAMES C. MARTIN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In the year 1916 the appellee, the American Tile and Gravel Roofing Company, was engaged in the business of putting composition roofing on buildings in the city of Chicago and operating wagons in the public streets in that occupation under a license expiring December 31, 1916. The license was issued by virtue of the provisions of section 2219 of the Chicago code of 1911, requiring a bond from any person or corporation engaged in that business to secure the city against damages in consequence of the use of the streets and to secure the immediate repair and clearing of any portion of the public streets incumbered by the person or corporation in the business and the payment of an annual license fee of $10. On December 13, 1916, the section was amended by the following ordinance:

"*Be it ordained by the city council of the city of Chicago:*

"Section 1. That section 2219 of the Chicago code of 1911 be and the same is hereby amended to read as follows:

"*Composition roofing—License—Fee—Bond—Plates.—* Every person or corporation engaged in carrying on or conducting within the city the business of composition-roofing buildings, and who shall use a wagon or wagons in and about such business, shall file with the commissioner of public works a bond to the city in the sum of $5000, which bond shall be approved by said commissioner of public works, conditioned to save the city harmless from all damages that may happen, accrue to or be chargeable against the city on account and in consequence of the use of the streets of the city in such business, and for the purpose of securing the

immediate repair and clearing of any portion of the public streets incumbered by the employees of such person or corporation while engaged in the composition-roofing business; and every such person or corporation owning or operating such wagon or wagons shall pay to the city an annual license fee of $10 for each wagon.

"Sec. 2. This ordinance shall be in full force and effect from and after its passage and approval."

On December 15, 1916, the appellee was notified that its license would expire on December 31, 1916, and that the fee for a license would be $10 for each wagon used in the business. On January 22, 1917, the appellee applied for a license to engage in the business of composition roofing, paid $10 and received a license to engage in that business. On March 17, 1917, the appellant instituted a suit in the municipal court for the penalty provided by the ordinance for conducting the business and using therein two wagons without procuring a license, as required by the ordinance. The evidence was that the appellee used in its business two double-horse trucks for hauling roofing material and at times attached to the trucks two-wheeled kettles and hauled the same through the streets. The kettles sometimes contained roofing material and sometimes they were left standing in the streets until the job was finished, in the same way as other contractors use the streets in putting up buildings. The court decided that the section of the ordinance as amended was void and found the defendant not guilty and entered judgment accordingly. An appeal was granted to this court in pursuance to a certificate that the validity of a municipal ordinance was involved.

The reasons alleged by counsel as grounds for the decision that the ordinance as amended was invalid are: (1) That the amended ordinance of December 13, 1916, did not repeal the same section of the code as it existed prior thereto and did not so provide in its caption or preamble, and that there was no implied repeal; (2) that the ordinance was

invalid because the city had exercised its power to require a license by the wheel tax ordinance set out in the opinion in *Harder's Storage Co.* v. *City of Chicago,* 235 Ill. 58; and (3) because the ordinance did not prescribe the width and tire of the wagons, or that the license fee, when collected, should be kept in a separate fund for street or alley improvement or repair.

The argument under the first proposition is based on a misconception of the nature of an amendment to an existing law. An amendment is a change or alteration of a law or of some of its provisions. It is an alteration, and merely continues a law or ordinance in a changed form. (Bouvier's Law Dict.; Black's Law Dict.; 36 Cyc. 1053; 26 Am. & Eng. Ency. of Law,—2d ed.—703; *People* v. *Zito,* 237 Ill. 434.) An amendatory act or ordinance never purports to repeal an act or section as it previously existed but only changes or amends it to read as therein stated. The argument has no application to this case. The appellee admitted the validity of the ordinance in its original form by applying for a license under it but now attacks the whole ordinance because the power had once been exercised.

The city passed a wheel tax ordinance under the authority to license wagons and vehicles conveying loads within the city, but that ordinance was not for the same purpose and did not cover the same ground as this ordinance, which was enacted to regulate the use of streets. The license was required of any person or corporation carrying on the occupation of composition roofing and using the streets of the city for that purpose. The ordinance was a proper regulation of the use of the streets, and the provision fixing the rate to be paid for the license by the number of wagons used in the business was a legitimate method of determining the amount of the license.

As the ordinance was not passed under the power to license wagons and vehicles for the privilege of carrying loads through the streets of the city it was not necessary to prescribe the tire and width, or that the license fee should

be kept in a separate fund and paid out only on the cost of the street and alley improvements.

The court erred in holding the ordinance void and of no effect. The judgment is reversed and the cause remanded.

*Reversed and remanded.*