F. S. BERRY *et al.* Appellants, *vs.* THE CITY OF CHICAGO *et al.* Appellees.

*Opinion filed April 23, 1926.*

1. CONSTITUTIONAL LAW—*legislative power is inherent in the General Assembly.* All legislative power is vested in the General Assembly subject to the restrictions contained in the State and Federal constitutions, and every subject within the scope of civil government which is not within some constitutional inhibition may be acted upon by it.

2. SAME—*statute in exercise of police power must apply equally to members of class.* The police power is an attribute of sovereignty, to be exercised or conferred in the discretion of the legislature, and the equality clause of the fourteenth amendment to the Federal constitution does not deprive a State of power to pass laws for the protection of the public health, safety and morals and the promotion of the general welfare, but such a law must apply equally and uniformly to all persons similarly situated and will be held invalid if it makes classifications or discriminations which are unreasonable and have no substantial relation to the object of the act.

3. SAME—*whether classification is reasonably appropriate to purpose of act is a judicial question.* The question of classification in a statute is primarily legislative but it becomes judicial when the legislative action is clearly unreasonable, and the measure of reasonableness is not what is best but what is fairly appropriate to the purpose of the act under all circumstances.

4. SAME—*what determines whether legislative classification is proper.* Laws are general and uniform when alike in operation upon all persons in like situations, and when a law is made applicable to one class of individuals there must be some actual, substantial difference between the individuals so classified and other individuals in the State or community, when considered with reference to the purpose of the legislation.

5. POLICE POWER—*electrical business is proper subject of police regulation.* As electricity is a dangerous agent, the regulation of electrical construction work and the licensing of electricians is not only salutary but necessary for the prevention of fires from defective insulation and other causes.

6. MUNICIPAL CORPORATIONS—*acts of 1925 empowering cities and villages to regulate and license business of electricians are invalid as making improper classifications.* The amendment of 1925 to section 1 of article 5 of the Cities and Villages act, giving cities the power to require the registration and licensing of electrical contractors, and the corresponding act of the same year authorizing cities to regulate and inspect electrical work, are invalid in exempting from their provisions certain partnerships, public utilities and employees and the work done by them, although engaged in the same work for which others are required to be licensed and whose work is subject to inspection.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

CHARLES P. SCHWARTZ, (WILLIAM E. McNAMARA, of counsel,) for appellants.

FRANCIS X. BUSCH, Corporation Counsel, (LEON HORNSTEIN, and JAMES I. McCARTHY, of counsel,) for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellants, electrical contractors in the city of Chicago, filed their bill in chancery in the circuit court of Cook county against the city of Chicago and certain of its officers to enjoin them from enforcing certain ordinances passed by the city council purporting to regulate the installation and alteration of electrical equipment and requiring the registration of electrical contractors. An application for a prelimi-

nary injunction was made, which, upon a hearing by the court, was denied and a decree entered dismissing the bill for want of equity at complainants' costs, from which decree an appeal was prayed and allowed to this court, the circuit court reciting in its order allowing the appeal that the validity of a municipal ordinance was involved and that public interests require that an appeal be taken directly to the Supreme Court.

The legislature at its 1925 session re-enacted section 1 of article 5 of the Cities and Villages act with a new clause as "one hundredth," as follows: "To require the registration of electrical contractors and to impose a registration fee of not more than fifty dollars ($50) on electrical contractors. However, an electrical contractor who is registered in one city or village shall not be required by any other municipality to pay more for the privilege of engaging in such work in the second municipality than the amount which the registration fee of the second municipality exceeds the amount of registration fee already paid by such electrical contractor. The term 'electrical contractor,' as used in this provision, means any person, firm or corporation engaged in the business of installing or altering by contract electrical equipment for the utilization of electricity supplied for light, heat or power (not including apparatus, conductors and other equipment installed by public utilities and common carriers which are under the jurisdiction of the Illinois Commerce Commission,) any person who shall show by satisfactory affidavit that such person or at least one member of such firm or at least one representative of such corporation has had at least two years' practical experience in installing and altering such electrical equipment and has a thorough knowledge of the ordinances of such city, town or village and if there be no ordinance, then the National Electrical Code shall be entitled to a license. It does not include electricians employed by such contractor to do or to supervise such work. The phrase 'by contract'

does not, however, apply to or include electrical equipment installed or altered by a person who bears the relation of employee to the person for whom the work is done." On July 12, 1925, the city council passed an ordinance in strict compliance with the terms of this act and provided for a registration fee of $50.

At the same session of the legislature there was passed an act in relation to the registration or the installation and alteration of electrical equipment, which purported to give to cities and villages power to regulate the installation, alteration and use of all electrical equipment in the city, to establish an electrical inspection commission with certain powers, among which was to prescribe reasonable fees for inspection. It was made the duty of the inspection department to inspect all electrical equipment installed or altered in the municipality, and made it an offense punishable by fine, in any city which had established an electrical department, to install or alter any electrical equipment without having secured a permit from the electrical inspection department, or to willfully fail or refuse to comply with the rules, standards and specifications established by the electrical commission. Among the provisions of this act were the following: "The term 'electrical equipment' as used in this act means conductors and equipment installed for the utilization of electricity supplied for light, heat or power; but does not include apparatus, conductors and other equipment installed by public utilities or common carriers which are under the jurisdiction of the Illinois Commerce Commission and does not include radio apparatus for wireless reception of sounds and signals." "The phrase 'by contract,' does not, however, apply to or include electrical equipment installed or altered by a person who bears the relation of employee to the person for whom the work is done." "The provisions of this act shall have no application to any electrical work·done or to be done in a home or building where such work is done or to be done by the owner himself or

by some person of his family or who is in the general employ of such owner." On July 12, 1925, the city council of Chicago passed an ordinance providing for an electrical inspection department and providing a system of inspection fees in accordance with the provisions of this act.

It is contended by appellants that these two ordinances and the statutes under which they were passed are unconstitutional and invalid, and that the legislature has attempted to invoke the police power to regulate electrical installation and require regulation of electrical contractors arbitrarily and without any reasonable reference to the object sought to be accomplished, namely, to safeguard the public generally against fires likely to result from defective electrical work and incompetent workmanship, in violation of paragraph 1 of the fourteenth amendment to the constitution of the United States, and sections 1, 2 and 14 of article 2 and section 22 of article 4 of the constitution of the State of Illinois.

The legislative power is vested in the General Assembly subject to the restrictions contained in the constitutions of the State and of the United States. Every subject within the scope of civil government which is not within some constitutional inhibition may be acted upon by it. (*Sawyer* v. *City of Alton,* 3 Scam. 127; *Taylorville Sanitary District* v. *Winslow,* 317 Ill. 25.) The equality clause of the fourteenth amendment of the constitution of the United States does not deprive the State of power to pass laws for the protection of the public health, safety and morals and the promotion of the general welfare. The General Assembly has a wide discretion in the enactment thereof, and in pursuance of such objects and within the scope of its powers may enact laws of limited or particular application so far as persons or property is concerned. Such a statute is valid when it applies equally and uniformly to all persons similarly situated, but it is in contravention of the equality clause where the classification or discrimination made by it is unreasonable or has no substantial relation to the object

of the act. (*Weksler* v. *Collins,* 317 Ill. 132.) The legislature, in the absence of constitutional restriction, by virtue of its plenary powers, and since it can frequently only act in the premises through subordinate agencies, must necessarily have power to confer upon such agencies all the power which it possesses in that regard, (*City of Chicago* v. *M. & M. Hotel Co.* 248 Ill. 264,) and when such power is exercised by the municipality it is the exercise of the power of the legislature. The ordinances in question having been passed in accordance with the express power granted to the city council of the city of Chicago by the legislature its action must be considered as the action of the legislature, and the only question that can be considered is whether the legislature had the authority to confer upon the city council such express power.

The police power is an attribute of sovereignty, to be exercised or conferred in the discretion of the legislature. (*Village of Atwood* v. *Cincinnati, Indianapolis and Western Railway Co.* 316 Ill. 425.) Electricity is a dangerous agent, fires often originating from crossed wires and defective insulation, and the regulation of electrical construction work and the licensing of electricians are not only salutary but necessary. (*Arms* v. *City of Chicago,* 314 Ill. 316.) The question of classification is primarily legislative, but it becomes judicial when the legislative action is clearly unreasonable. (*Heartt* v. *Downers Grove,* 278 Ill. 92.) The measure of reasonableness is not what is best, but what is fairly appropriate to the purpose of the act under all circumstances. (*Weksler* v. *Collins, supra.*) Laws are general and uniform when alike in their operation upon all persons in like situation. When a law is made applicable to one class of individuals there must be some actual, substantial difference between the individual so classified and other individuals in the State or community, when considered with reference to the purpose of the legislation. (*Jones* v. *Chicago, Rock Island and Pacific Railway Co.*

231 Ill. 302.) There must be a sound basis in reason and principle for regarding the class of individuals as a distinct and separate class. A class cannot be created by arbitrary declaration of the law-making power and endowed with special legislative favors. It is essential to the validity of the classification, in such instances, that it be based on material distinctions in the situation and circumstances of the individuals who are to be embraced therein, and the grounds of distinction and classification must have relation, in reason and principle, to the privileges proposed to be granted to the individuals, as a class, by the proposed legislation. (*Bagdonas* v. *Liberty Land Co.* 309 Ill. 103.) In *City of Aurora* v. *Burns,* 319 Ill. 84, it is said: "The police power, however, has constitutional limits, and any measure enacted or adopted in its exercise, to be sustained, must bear some reasonable relation to the purposes for which the power may be exercised. The legislature may not, under the guise of protecting the public interests, arbitrarily interfere with private rights. If the means employed have no real, substantial relation to public objects within the State's power, or if those means are arbitrary and unreasonable, the judiciary will disregard mere forms and interfere for the protection of rights injuriously affected by such illegal action." In *Bailey* v. *People,* 190 Ill. 28, it is said: "The principle which may be deduced from the declarations of this court on the subject is, that an act which arbitrarily discriminates against one class in the transaction of a business of a lawful occupation, and leaves unaffected by such discriminatory enactment other persons or classes of persons engaged in acquiring property in a manner not distinguishable in character from that in which the class discriminated against is employed, is in contravention of the constitutional guaranties under consideration."

The legislative purpose for the exercise of the power of regulation of the installation and alteration of electrical equipment is to protect the public from injury to persons

from exposed wires and to property from resultant fires from defective electrical workmanship and construction. Paragraph 100 by its terms exempts from its provisions all firms one member of which has had at least two years' practical experience in installing and altering electrical equipment, etc., even though such member of the firm be a silent partner and have nothing whatever to do with the matter of contracting for the installation or alteration of electrical equipment. It also exempts all corporations which have one representative who has had such experience, etc., even though such representative may be located in some other city and have nothing to do with the contracting or installation department of the corporation. It also exempts from its provisions public utilities and common carriers who are under the jurisdiction of the Illinois Commerce Commission. A good reason can be seen why they might be separately classified with reference to equipment to be installed for them in their operation as public utilities or common carriers, but that reason does not obtain where they seek to enter into the field of contracting for the installation and alteration of electrical equipment for others. It also exempts electrical equipment installed or altered by a person who bears the relation of employee to the person for whom the work is done, without regard to the ignorance or gross incompetency of such employee. The act of 1925 in relation to the regulation or installation of electrical equipment contains the same classifications with reference to public utilities and common carriers and employees of the person for whom the work is done. When the two acts of the legislature are tested by the rules laid down by the authorities above cited, we must hold that they are unconstitutional and invalid.

The decree of the circuit court is therefore reversed.

*Decree reversed.*