(No. 38126.—

FRANK R. IVES *et al.*, Appellees, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed March 18, 1964.—Rehearing denied May 19, 1964.*

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN and ROBERT J. COLLINS, Assistant Corporation Counsel, of counsel,) for appellant.

EDWARD L. S. ARKEMA, of Chicago, (JACK M. SIEGEL, of counsel,) for appellees.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is a chancery action brought by eight contractors upon behalf of themselves and all others similarly situated for a declaratory judgment that an ordinance of the city of Chicago licensing building contractors and a companion ordinance establishing a board of examiners of building contractors are invalid. The city appeals directly to this court from a decree holding the ordinances unconstitutional and void and directing the issuance of a permanent injunction to restrain their enforcement.

The ordinances in question were adopted November 1, 1961, and became effective January 1, 1962. The licensing ordinance is broad, including within its scope any person who undertakes to build or improve a building or any part of a building. In order to qualify an applicant must be at least 21 years of age, a citizen of the United States and have been engaged in building activities for at least 5 years. To receive a license an applicant must successfully undergo

an examination, provided, however, an examination is waived for those otherwise eligible who apply within nine months from the effective date of the ordinance. The license period is one year. The first year's license fee is $150 and the annual renewal fee thereafter is $50.

The ordinance establishing the board of examiners provides for five members with broad general powers, includ-. ing examination of applicants, receiving and hearing complaints, and suspension and revocation of licenses. Each member is to receive as compensation $50 per day for attendance at meetings and for performance of other duties required of him by the board. A budget for the board was approved by the city council in the sum of $46,568. About 4400 licenses were issued. Receipts therefrom were $702,-000 in 1962 and the estimate for 1963 was $800,000.

The city must have an express grant of authority from the General Assembly to enact the ordinances unless the power is necessarily implied in or incidental to power or powers expressly conferred. "The constitution vests the legislative power of the State in a General Assembly. That body may exercise the power directly or it may create municipalities and delegate to them, for purposes of local government, such portion of the power as it sees fit to grant. * * * Since a city has no power, except by delegation from the General Assembly, to license any occupation or to require the payment of a tax for the privilege of engaging in it, the power must be expressly granted in the city's charter or necessarily implied in or incident to the power expressly delegated." (*Arms* v. *City of Chicago,* 314 Ill. 316, 321.) There is no express statutory authority to license or regulate building contractors as was done here, so the ordinances in question are invalid unless the grant of power to enact may be gathered as necessary and incidental to powers expressly granted.

The city directs attention to certain sections of article 11 of the Illinois Municipal Code, (Ill. Rev. Stat. 1961,

chap. 24) granting express powers to municipalities: section 11—32—1, licensing and regulating air conditioning and refrigeration contractors; section 11—33—1, registering electrical contractors; section 11—34—1, licensing and ·regulating persons having charge of steam boilers; section 11—35—1 licensing and regulating plumbers; sections 11—36—1 *et seq.*, licensing and regulating mason contractors; and sections 11—37—1 *et seq.*, providing for the inspection of electrical equipment. (The foregoing grants of power have been implemented by adoption of appropriate ordinances.) The city then argues that from the foregoing powers expressly granted, it has the implied power to enact the ordinances here involved. It would seem that the existence of the enumerated statutory powers has just the opposite effect and precludes the imposition of regulations and licenses upon contractors in fields other than those to which cities have been expressly given regulatory power. This for the reason that the city, by adoption of the ordinances in question, attempts to regulate those contractors over whom the General Assembly has failed to delegate the power to regulate, and thereby add by ordinance in the chain of its powers those links which were not supplied by statute.

There can be no quarrel with the rules stated in the many cases cited that municipalities may exercise power which is necessarily implied in or incident to power expressly granted, (*Chicago* v. *Washingtonian Home,* 289 Ill. 206; *City of Chicago* v. *Barnett,* 404 Ill. 136,) and that such power may be derived from several enumerated powers, (*Concrete Contractors Ass'n* v. *Village of La Grange Park,* 14 Ill.2d 65; *City of Chicago* v. *Arbuckle Bros.,* 344 Ill. 597,) and that the enactment need not be absolutely indispensable to effectuate a power expressly granted, (*Klever Shampay Karpet Kleaners, Inc.* v. *City of Chicago,* 323 Ill. 368,) but here, the city's building code has already implemented the various specific grants of authority over certain

classes of contractors to the exclusion of building contractors and has enacted and enforces penalty provisions against violators.

As heretofore noted, these ordinances apply to "building contractors" but there is an exemption reading: "that the provisions of this Chapter shall not apply to such occupations as are specifically licensed or registered under other provisions of this code." (Municipal Code of Chicago, sec. 42—2.) This would appear to be an absolute exemption for plumbers, mason contractors and others licensed or registered under other ordinances, but the city's brief states: "However, the ordinance will apply to such persons if they hold themselves out as 'building contractors'". "Building contractor" embraces any person who "submits a bid to or does himself or by or through others, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish the whole or any part of a building or structure * * *." This all-comprehensive definition leaves no doubt but that the city's ordinances are intended to cover every contractor who has anything to do with a building or structure. If the city has the power by implication to fill the gaps between contractors enumerated by statutes for regulation and all other contractors, there was little purpose in the legislature's selectivity in choosing certain contractors for regulation. By these ordinances the city attempts to license a class of contractors (building contractors) over which it was not given the express right of regulation. The authorization to regulate certain classes of contractors other than building contractors neither authorizes nor permits licensing of the latter.

The city also cites certain broad powers in relation to buildings under the safety, zoning and general regulatory divisions of the Illinois Municipal Code, which provide the legal basis for the enactment of ordinances creating the building and other codes having to do with construction and maintenance of buildings. The ordinances here under

review give unrestricted power to an administrative board to determine who may commence and who may continue to pursue the occupation of building contractor, an occupation so broadly defined that it covers every conceivable contractor having anything to do with a building or structure. Certainly, the powers to be exercised under these ordinances cannot be implied as necessarily incident to the broad general powers upon which the building, zoning and other codes are based. The brief for the city states: "The ordinances are designed to prevent inexperienced persons from defrauding the general public in building operations." The purpose of the ordinances thus stated is not manifest from their terms since they add nothing to building location, construction, safety or inspection.

The ordinances complained of were enacted without statutory authority and are, in our opinion, invalid and void. In view of this holding other asserted infirmities need not be discussed.

The decree of the superior court of Cook County is affirmed.

*Decree affirmed.*