GARY McCAULEY, Plaintiff-Appellant, v. THE CITY OF ROCKFORD, Defendant-Appellee.

Second District   No. 2—90—0534

Opinion filed December 28, 1990.

G. Michael Scheurich, of Guyer & Enichen, of Rockford, for appellant.

Kathleen Elliott, of City of Rockford Department of Law, of Rockford, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Gary McCauley, appeals the order of the circuit court of Winnebago County granting summary judgment for defendant, City of Rockford, and denying his complaint for an injunction. The issue presented in this appeal is whether section 2008.1.3 of the Ordinances of the City of Rockford (Code of Ordinances of City of Rockford, ch. 6, §6—60(14) (19____)) violates section 11—33—1 of the Municipal Code (Code) (Ill. Rev. Stat. 1989, ch. 24, par. 11—33—1) because it requires the registration of electricians already registered by other municipalities.

Plaintiff is registered with the City of Belvidere as an electrical contractor and as a supervising electrician as he successfully passed an examination conducted by the City of Belvidere. In 1989, plaintiff applied to defendant for a building permit to enable him to perform electrical contracting work in the City of Rockford. Defendant denied plaintiff the permit on the ground that he was not a registered supervising electrician under section 2008.1.3. After exhausting his administrative remedies, plaintiff sued to enjoin the enforcement of section 2008.1.3. Both parties filed motions for summary judgment, with defendant supporting its motion with an affidavit with the additional fact that plaintiff attempted the supervising electrician's test in 1985 and 1986 but failed on both occasions.

Section 11—33—1 of the Code reads as follows:

"The corporate authorities of each municipality may require the registration of electrical contractors, and may impose an annual registration fee of $25 on each registered contractor. An electrical contractor who is registered in one municipality, however, shall not be required by any other municipality to be registered or to pay a registration fee in the other municipality.

The term 'electrical contractor,' as used in this section, means any person engaged in the business of installing or altering by contract electrical equipment for the utilization of electricity for light, heat, or power. But the term 'electrical contractor' shall not include the [person] installing or altering of (1) radio apparatus or equipment for wireless reception of sounds and signals, or (2) apparatus, conductors, or other equipment installed for or by public utilities, including common carriers, which are under the jurisdiction of the Illinois Commerce Commission, for use in their operation as public utilities. Nor shall the term include the employees employed by an electrical contractor to do or supervise his work." (Ill. Rev. Stat. 1989, ch. 24, par. 11—33—1.)

Section 2008 of the Ordinances reads as follows:

"Section 2008 Registration of electrical contractors.

*Section 2008.1 Class A Contractors.* The provisions set forth in Subsections 2008.1.1 through 2008.1.5 below, shall govern the registration of Class A electrical contractors.

*Section 2008.1.1 Registration fees.* Before any person, firm or corporation shall engage in the business as a Class A electrical contractor in the City of Rockford, Illinois, and before any person, firm, or corporation now engaged in said business shall continue in said business, such person, firm or corporation shall be required to register and pay an annual registration fee as estab-

lished in Chapter 6, Article 1, Section 6—15 of the Rockford Code of Ordinances. Said certificate of registration issued thereunder shall expire on the thirty-first day of December of the year in which it is issued. However, if the person, firm, or corporation is registered for the current year and has paid a registration fee in any city or village in the State of Illinois, they shall not be required to pay a registration fee to the City of Rockford. The senior electrical inspector shall keep a suitable record of all registrations.

*Section 2008.1.2 Registration.* Any person, firm, or corporation desiring to engage in business as a Class A electrical contractor shall apply for registration to the senior electrical inspector, stating the name and the place of business of the applicant.

*Section 2008.1.3 Supervising Electrician.* No person shall perform electrical work as a Class A electrical contractor unless he is, or has in his employ, a registered supervising electrician. A registered supervising electrician shall have had at least five (5) years experience in the electrical construction industry, and shall pass a written examination given by the electrical commission of the City of Rockford, and shall pay an annual registration fee as established in Chapter 6, Article 1, section 6—15 of the Rockford Code. Applicants taking an electrical written examination shall pay the fee established therefor by Chapter 6, Article 1, section 6—15 of said Code. Examinations will be given on the second Thursday of each month from 2:00 p.m. to 4:00 p.m. in the council chambers of City Hall, 425 East State Street, except in November in which no examinations will be given. Application shall be submitted thirty days prior to examination.

*Section 2008.1.4 Revocation.* No person, firm or corporation granted a certificate of registration under the provisions of this code shall install or repair electrical equipment for electric light, heat, or power purposes after the expiration of such certificate shall have been revoked unless said certificate has been renewed and the fee paid as provided herein. [*sic*]

*Section 2008.1.5 Duties; revocation.* Certificate of registration issued by the Electrical Commission shall not be loaned, rented, assigned, or transferred. Each and every certificate of registration may, after hearing, be suspended or revoked by the commission upon failure or refusal of the electrical contractor to comply with the rules and regulations of the commission, or the provisions of this code."

As a general rule, a municipal ordinance is presumed to be

valid, and the burden of proving its invalidity falls upon the one who attacks the ordinance. (*City of Rockford v. Suski* (1980), 90 Ill. App. 3d 681, 684.) Plaintiff contends that because the Municipal Code prohibits other municipalities from requiring electricians to register, section 2008.1.3 is invalid and cannot be enforced. While non-home-rule municipalities have the authority to enact ordinances, such ordinances may in no event conflict with State law or prohibit what a State statute expressly permits. (*Arrington v. City of Chicago* (1970), 45 Ill. 2d 316, 318; *Dolson Outdoor Advertising Co. v. City of Macomb* (1977), 46 Ill. App. 3d 116, 121.) A city must have an express grant of authority from the General Assembly to enact the ordinances unless the power is necessarily implied in or incidental to powers expressly conferred. (*Ives v. City of Chicago* (1964), 30 Ill. 2d 582, 584; *Village of Forrest v. Norfolk & Western Ry. Co.* (1986), 146 Ill. App. 3d 20, 28.) In *Ives,* the court held that the existence of enumerated statutory powers to regulate certain contractors precluded the imposition of regulations and licenses upon contractors in fields other than those to which cities were expressly given regulatory power, such as the power to license electrical contractors under section 11—33—1, and that the city could not attempt to regulate those contractors over whom the General Assembly failed to delegate the power to regulate. (*Ives,* 30 Ill. 2d at 585; *Forrest,* 146 Ill. App. 3d at 28.) Plaintiff contends that not only is defendant unauthorized to require the registration of electricians but also that it is statutorily barred from registering them.

■■■ Defendant contends that the authority to regulate and license an occupation is implied from the powers to otherwise regulate the business. (*Concrete Contractors' Association v. Village of La Grange Park* (1958), 14 Ill. 2d 65, 69.) The fact that villages have not been granted the express power to license a class of contractors is not controlling if the General Assembly has expressly granted the municipalities one or more powers, the efficient exercise of which requires that the business be regulated. To determine whether a municipality is impliedly authorized to license persons engaged in an activity, the licensing ordinances must be considered in conjunction with the powers which were expressly granted and are being lawfully exercised. If the licensing ordinances are reasonably necessary to effectuate the regulations prescribed by the other valid ordinances governing the same matter, they may be upheld as regulatory measures. 14 Ill. 2d at 69-70.

Defendant lists several grants of power authorizing a city to regulate electrical work. Division 37 of article XI of the Code (Ill. Rev. Stat. 1989, ch. 24, par. 11—37—1 *et seq.*) authorizes a city's electrical commission to recommend safe and practical standards and specifications for

the installation of electrical equipment which may be designed to meet the necessities and conditions of the particular locality, reasonable rules and regulations governing the issuance of permits by the electrical inspection department and reasonable inspection fees; these recommendations may be adopted by ordinance pursuant to section 11—1—1 of the Code (Ill. Rev. Stat. 1989, ch. 24, par. 11—1—1). Section 11—8—2 (Ill. Rev. Stat. 1989, ch. 24, par. 11—8—2) authorizes a city to prevent dangerous construction, installation and condition of electrical wiring. Section 11—30—4 (Ill. Rev. Stat. 1989, ch. 24, par. 11—30—4) authorizes the city to prescribe the strength and manner of constructing buildings. Finally, section 11—60—1 (Ill. Rev. Stat. 1989, ch. 24, par. 11—60—1) authorizes a city to fix the amount, terms and manner of issuing and revoking licenses.

■■■ Municipalities cannot enact ordinances without legislative authority. The Illinois Supreme Court invalidated municipal ordinances which imposed license fees on electricians when section 1 of article V of the Cities and Villages Act (Ill. Rev. Stat. 1923, ch. 24, par. 65) did not give any such authority to regulate electricians, even when it found the purpose of the ordinance salutary and necessary. (*Arms v. City of Chicago* (1924), 314 Ill. 316, 325-26.) In response, the legislature enacted two amendments authorizing registration (Ill. Rev. Stat. 1925, ch. 24, pars. 65, 683a through 683f), which were held invalid because they made certain exemptions without a justifiable basis, such as exempting contractors which had at least one member with two years' experience when there was no requirement that such a member be involved in the contracting work. (*Berry v. City of Chicago* (1926), 320 Ill. 536, 542.) The amendments were modified and reenacted in the substantial form of section 11—33—1 and division 37 of article 11 of the Municipal Code. Based on this legislative background, the Illinois Supreme Court ruled that the express statutory authority for registration and inspection fees in those sections precluded the implication of any authority to impose an additional license fee upon electrical contractors. *Edward P. Allison Co. v. Village of Dolton* (1962), 24 Ill. 2d 233, 238.

Based on these authorities, defendant's attempts to imply authority from the other sections of the Municipal Code must fail because the limited framework in which a municipality may register electrical workers has already been set. (*Ives*, 30 Ill. 2d at 586; *Allison*, 24 Ill. 2d at 238.) Furthermore, defendant has not differentiated the definition of an electrical contractor from a "supervising electrician." The exception in section 11—33—1 relating to employees who perform or supervise the installation of electrical equipment is an exception to the ability to be registered, not an exception to the prohibition of extramunicipal regis-

tration; thus, defendant may not imply that a municipality can require registration of these excluded employees. It is illogical to allow the additional regulation of employees of the contractor when the regulation is barred against the contractor himself. The legislature has permitted the registration of contractors only. The purpose of the exclusion is to protect the electricians from multiple registrations, not to subject them into other registrations. Finally, defendant's requirement that an electrical contractor have a registered supervising electrician on its staff does nothing to insure that a particular electrical job will be performed in a safe manner. *Berry*, 320 Ill. at 543.

To advance his argument, plaintiff argues that only the inspections authorized by division 37, not the registration of electrical contractors, can insure safe construction. However, licensing practitioners is a valid means of regulating a practice, when that regulation is implied in law. (*Concrete Contractors*, 14 Ill. 2d at 72; *Village of Maywood v. Weglarz* (1960), 24 Ill. App. 2d 495, 498.) Plaintiff also implies that defendant imposes its requirement of a licensure because it fails to inspect electrical construction pursuant to division 37. Defendant has filed a motion to strike this allegation as it is not supported by the record and is scurrilous. We agree and strike the offending portions of plaintiff's brief.

Nevertheless, the issue is not whether defendant may regulate electrical installation, which plaintiff does not contest; rather, the issue is whether defendant may accomplish this regulation by registering the persons doing the installing. Because the registering of contractors has already been established in a manner set by the Code, the ability to register others has been excluded (*Ives*, 30 Ill. 2d at 586; *Allison*, 24 Ill. 2d at 238) and also directly prohibited in section 11—33—1. The wisdom of the legislature in devising a scheme where the contractors rather than the employees of the contractor bear the burden of registration and where one municipality cannot register the contractor of another is not the issue here. Section 2008.1.3 of the Rockford Ordinances violates the Code and cannot be enforced against plaintiff.

For the above reasons, the order of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS and NICKELS, JJ., concur.